### COUNTY OF WASHINGTON, FEBRUARY TERM, 1859, AT SOUTH KINGSTOWN.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. ALFRED BOSWORTH, }

---

### Simeon C. & Samuel Tucker *v.* The Town Council of South Kingstown.

The affidavits of jurymen as to what took place in the jury-room, or as to the grounds upon which the verdict was found, cannot be used to impeach it, upon a petition for a new trial; a rule of policy for the security of verdicts excluding such testimony.

Affidavits to the declarations of jurors, after the verdict, to the above effect, are not only objectionable upon the same rule of policy, but are condemned by the ordinary rule of evidence excluding hearsay testimony.

If a verdict be warranted by the evidence, it is of no importance that some of the jurymen mistook, or did not understand, the whole of it, or did not know that their verdict was conclusive, or how it would affect the judgment in the case.

The slightest tampering with a jury during the trial, or prior to it, by a party or the agent of a party in whose favor a verdict is rendered, is, on grounds of policy, good cause to set it aside, without regard to the success of such an attempt to poison the course of justice.

PETITION for a new trial in an appeal from the laying out of a highway in South Kingstown; the appeal having been tried

before Mr. Justice Shearman, with a jury, at the May term of the court of common pleas for the county of Washington, 1858. The lay-out of the road having been confirmed by the verdict of the jury, the appellant filed his petition in this court, praying that the verdict might be set aside and a new trial granted to him, "because the jury misunderstood the evidence and law in the case, and because improper influences had been used with the jury to affect their verdict." In support of these grounds, of which the petition contained specifications, the affidavits of three of the jurymen who tried the case were read *de bene*, to show that two of them misunderstood the evidence, and supposed that all the land for the route adopted, except that of the appellants, would be given for the purposes of the new highway; and that all the land required for the purposes of the route rejected by them, except that of the appellants, would have to be paid for by the town; and that they further supposed, and would not otherwise have agreed to the verdict, that, notwithstanding the verdict, the whole subject would come before the next June town meeting for final action and decision. In addition, affidavits of others to the declarations of the jurymen, made after their verdict, were read, *de bene*, to the same general effect. The affidavit of Clarke Tucker was also read, to the effect that, at noon on the last day of the trial, he saw Benjamin C. Perry in close conversation with two men whom he afterwards was informed were of the jury; and that when Perry stepped aside, he heard one of the men say to the other, "that was what he was up to; he was trying to operate on the jury," or words to that effect. Russell T. Robbins also swore, in his affidavit, that he saw Perry coming out of the court-room at noon of the last day of the trial with two men whom he knew to be of the jury, although he did not know their names. Perry, on the other hand, in his affidavit, swore, that he had no connection with the cause except as constable, to serve the summonses on witnesses for the town, at the request of the town's agent; and that, neither during the trial nor since, had he conversed with either of the jurymen, or, to his knowledge, in the presence of any of them, in relation to the cause.

*E. R. Potter* and *Wm. H. Potter*, for the petitioners.

*W. Updike* and *Dixon*, for the town.

AMES, C. J.　Without pretending that the verdict returned in this case is against the weight of evidence, this petition impeaches it, substantially, upon two grounds ; *first*, that the jurymen, or some of them, in fact misunderstood a portion of the evidence submitted to them, and were also ignorant of the conclusive nature of their verdict; and *second*, that two of them were tampered with by an agent of the town of South Kingstown.

The misunderstanding and ignorance alleged, are attempted to be proved by the affidavits of the jurymen themselves, as well as of others to the declarations of the jurymen, made subsequent to the return of the verdict.　The affidavits of the jurymen as to what took place in the jury-room, or as to the grounds upon which they found their verdict, and which were read *de bene* at the hearing, must be rejected ; a rule of policy, well settled both in England and in this country, excluding, for the security of verdicts, this mode of impeaching them.　*Vaise* v. *Delaval,* 1 T. R. 11; *Jackson* v. *Williamson,* 2 Ib. 281, 282; *Hindle* v. *Birch,* 8 Taunt. 26; S. C. 4 Eng. C. L. R. 24; *Roberts* v. *Hughes,* 7 M. & W. 398; *Burgess* v. *Langley,* 5 Man. & Grang. 722, 724; S. C. 44 Eng. C. L. R. 379; *Bentley* v. *Fleming,* 1 Man. Grang. & Scott, 482; S. C. 50 Eng. C. L. R. 482; *Raphael* v. *Bank of England,* 33 Eng. L. & Eq. R. 276, 278–280; *Lessee of Cluggage* v. *Swan,* 4 Binn. 150; *Clum* v. *Smith,* 5 Hill, 560; *Dorr* v. *Fenno,* 12 Pick. 525; *Hannum* v. *Belchertown,* 19 Ib. 311, 313; *Cook* v. *Castner,* 9 Cush. 266; *Folsom* v. *Manchester,* 11 Ib. 334; *Leighton* v. *Sargent,* 11 Foster, 119; *Smith* v. *Culbertson,* 9 Richard. (Law) R. 106; *State* v. *Tindall,* 10 Ib. 212; *Mercer* v. *State,* 17 Ga. 146; *Larkins* v. *Tarter,* 3 Sneed, (Tenn.) R. 681; *Abel* v. *Kennedy,* 3 Iowa, 47.　The affidavits to the declarations of the jurors impeaching their verdict, besides contravening the same rule of policy, are condemned by the ordinary rule of evidence excluding hearsay testimony. *Straker* v. *Graham,* 4 M. & W. 721, 724; *Bentley* v. *Fleming,* 1 Man. Grang. & Scott, 482; S. C. 50 Eng. C. L. R. 482; *Davis* v. *Taylor,* 2 Chit. 268; S. C. 18 Eng. C. L. R. 627.　Besides, if the verdict is warranted by the evidence, of what importance is

it that some of the jurymen mistook, or did not understand the whole of it, or did not know that their verdict was conclusive, or how it would affect the judgment in the case ? *Raphael* v. *Bank of England*, 33 Eng. L. & Eq. R. 276, 278–280. The former must be a very common occurrence with jurymen drawn by lot; and with the latter, they have nothing to do. They are bound by oath to render a *verdict;* that is, truly to decide, according to the evidence, the issues of fact submitted to them, whatever may be the consequences of their decision. The *legal* consequences of it they are not presumed to know, and, in general, do not know; and if these are to affect their verdict, it is certainly better that they should not know them. The *moral* consequences of it, which are far more important, neither they nor any man can foresee.

The other ground for a new trial, set down in the petition, would have been fatal to the verdict had it been proved. The slightest tampering with a jury during the trial, or prior to it, by a party, or the agent of a party, in whose favor a verdict has been rendered, is, on grounds of policy, good cause to set it aside, without regard to the success of such an attempt to poison the course of justice. *Knight* v. *Inhabitants of Freeport,* 12 Mass. 218, 220; *Hix* v. *Drury*, 5 Pick. 296. Where hand-bills reflecting upon the plaintiff's character had been distributed in court at the time of trial and had been seen by the jury, the court set aside a verdict for the defendant, notwithstanding the defendant denied all knowledge of the handbills, and affidavits from the jurymen were offered, though not received, that no such placard had been shown to them. *Coster* v. *Merest,* 3 Brod. & Bing. 272; S. C. 7 Eng. C. L. R. 433, 434.

The affidavits of Clarke Tucker and Russell T. Robins fail, however, to show, with any certainty, that a conversation with any of the jurors, in relation to the case, was had by Benjamin C. Perry during the trial. Perry explicitly denies the charge; and his affidavit shows, that instead of being the agent of the town, he was employed merely as a constable, by the agent, to summon the town's witnesses.

*This petition must therefore be dismissed, with costs.*