ARTHUR BOURRE p. a. *vs.* THE TEXAS COMPANY.

MARCH 11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This action of trespass on the case for negligence is brought to recover damages for injuries sustained by plaintiff when run over by one of defendant's motor trucks. Henri J. Bourre, plaintiff's father, also brought an action against defendant to recover consequential damages. These two cases were before this court in 1928 on defendant's exceptions. *Bourre* v. *The Texas Co.*, 49 R. I. 364, and new trials were ordered. The cases were again tried together and are again before this court on exceptions.

In the case of Henri J. Bourre the jury returned a verdict for the plaintiff for $15,000. The trial justice granted defendant's motion for a new trial and there is to be another trial of the case.

In this case the same jury returned a verdict for the defendant. In each case the jury answered three special findings. Plaintiff filed a motion for a new trial on the grounds that the verdict was against the law and the weight of the evidence. This motion was heard and denied by the trial justice. The case is now before this court on the plaintiff's exceptions to this ruling; to the denial of plaintiff's requests to charge; to the granting of defendant's requests to charge and to certain portions of the charge.

The first exception considered is the one to the denial of plaintiff's motion for a new trial. The principal issues of fact in this case were whether plaintiff crossed Greene street in front of defendant's truck or back of it. Plaintiff testified that he crossed in front of the truck. The testimony for defendant was that plaintiff crossed back of its truck. The jury found specially that when plaintiff crossed Greene street (1) he did not pass in front of the truck; (2) he passed in back of the truck; (3) that, if he did pass in front of the truck, he fell after he got entirely across the path of the oncoming truck. The jury also returned a general verdict of not guilty for defendant.

Plaintiff claims that the verdict is against the great weight of the evidence; that the special findings are inconsistent with the general verdict; that the verdicts of the same jury—one for the defendant and the other for the plaintiff—are inconsistent because they are based upon the same evidence as to liability. This manifest inconsistency between the verdicts has been rectified by the decision of the trial justice setting aside the verdict for the plaintiff Henri J. Bourre on motion of the defendant. No exception was taken to this decision by Henri J. Bourre.

Plaintiff contends that the third special finding is inconsistent with the other two findings and the general verdict.

The contention cannot be sustained. This finding is not determinative of any issue in the case. The jury did not find that plaintiff crossed in front of the truck. This special finding was allowed and the jurors were instructed to answer it. They gave the correct answer as the uncontradicted testimony of the plaintiff was that he had crossed the path taken by the truck before he fell. The answer would be correct even if plaintiff admitted that he passed in back of the truck for it is undisputed that he fell on the right side of the truck.

In considering the claim that the verdict is against the great weight of the evidence it is necessary to give a brief summary of it. The facts and circumstances leading up to the injury of the plaintiff were fully stated in our former opinion, *Bourre* v. *The Texas Co., supra.* February 4, 1926, about 11:30 o'clock, a. m., the right rear wheel of defendant's motor truck struck and seriously injured the left ankle of the plaintiff. Plaintiff was 9 years, 7 months old at the time. He was on his way home from school. It was snowing and the wind was blowing from the north. Plaintiff had walked in a southerly direction on the westerly side of Park avenue until he came to its intersection by Greene street. At this intersection it was necessary for plaintiff to walk in a southwesterly direction, about 54 feet, across Greene street to a crosswalk. Plaintiff looked to his right and saw defendant's truck about 140 feet away, coming slowly up the hill on Greene street and making a loud noise. Plaintiff testified that he thought he could cross Greene street before the truck would reach him; that he started to cross the street with the snow up to his knees; that he saw the truck in the middle of the road; that he had almost reached the crosswalk when he slipped and fell; that the truck was close to him, that he got up, took a few steps and slipped and fell again face forward and that the right rear wheel of the truck ran over his left ankle. He testified that he had time to cross the street before the truck could reach him if he had not fallen and that the whistle on the

truck was blown as he fell the first time. Plaintiff denied that he was trying to get on the truck when he fell and was injured. The driver of the truck testified that it was snowing hard as he was driving the truck up the hill on Greene street; that the wind was back of him; that there was no snow on his windshield and that he had an unobstructed view ahead of him; that the snow was deeper on the side of the road than in the center; that his truck was loaded with gasoline and weighed about $8\frac{1}{2}$ tons; that he had chains on the rear wheels; that the truck was in low speed and making between 3 and 4 miles an hour and the engine was making a loud noise; that he was familiar with this section of the city and blew the whistle on the truck as it approached Park avenue; that he was observing the road and no one crossed in front of him as he approached Park avenue; that he kept a straight course 7 to 8 feet from the right curb; that he did not see the plaintiff until after his truck had crossed the intersection when he stopped it within 3 feet after someone shouted to him and he got out and saw plaintiff close to the tracks made by the truck about 7 feet from the crosswalk; that he walked back, picked up the plaintiff and brought him into a near-by store and that he had no knowledge until then that his truck had hit the plaintiff. He further testified that when he was in the store he asked the plaintiff how it happened and he said that he fell off the truck and that a week later at the hospital he said he fell into a pile of snow, got up, and the second time he fell under the wheel. Two boys testified that as they were walking in a northerly direction on the westerly side of Park Avenue they saw the truck coming up the hill on Greene street. One of the boys testified that the truck was coming slower than a man could walk; that he saw the plaintiff run from the corner and pull himself up on the truck and sit backwards; that nobody passed in front of the truck; that he paid no more attention to the plaintiff until attracted by a cry from him when he was on the ground near the right rear wheel of the truck. The other boy testified that no-

body passed in front of the truck and that when he saw the plaintiff he was on the ground. This is the boy who called to the driver of the truck to stop. Plaintiff produced three witnesses who testified that defendant's driver said he did not see plaintiff because his windshield was covered with snow. Defendant's driver denied making these statements.

The conflicting testimony above narrated presented issues of fact to be determined by the jury. The jury decided the issues in favor of the defendant by their verdict and special findings. The trial justice has approved the verdict. Plaintiff argues that the approval of the verdict by the trial justice has no decisive weight as he gave no reasons for his decision. The argument cannot be supported. The statute requires that a motion for a new trial after verdict must be heard and decided by the trial justice, excepting in case of his absence or disability. § 5124, G. L., 1923. Upon hearing the motion it is the duty of the trial justice to carefully review the verdict and pass upon its justness. The decision of the trial justice cannot be regarded as a perfunctory or *pro forma* ruling upon the question of the credibility of the witnesses or the weight of the evidence. In deciding a motion for a new trial the question presented to the trial justice is whether the verdict of the jury does justice between the parties. *Surmeian* v. *Simons*, 42 R. I. 334; *Bova* v. *Scorpio*, 43 R. I. 98. There is nothing in the record to show that the trial justice did not perform the duty imposed upon him by law when he decided the motion for a new trial.

The law applying to the consideration of an exception to the denial of a motion for a new trial by the trial justice is that where he has approved a verdict in accordance with his view as to the value of evidence clearly conflicting this court will regard such approval as of great persuasive force, and his determination will not be disturbed unless it appears that his determination is clearly wrong or based upon a misconception of the evidence. *Surmeian* v. *Simons, supra; Wilcox* v. *R. I. Co.*, 29 R. I. 292. We have examined and

considered all of the evidence presented at the trial. There is no question as to the slow speed of the truck as it was coming up the hill. Plaintiff had to walk only 54 feet to get to the crosswalk while the truck had to travel about 140 feet to get to the place where the plaintiff was injured. The truck was travelling so slowly that the jury may have inferred from the testimony produced by defendant that plaintiff was injured while trying to get a ride on defendant's truck. The vital issue was whether plaintiff crossed the street in front of the truck or back of it. On this issue the jury found specially that plaintiff crossed in back of the truck and not in front of it. There is sufficient testimony to support these findings. The findings do not appear to be unreasonable or improbable. The trial justice has approved them with the general verdict. After a careful consideration of the evidence we cannot find that his determination is clearly wrong.

Plaintiff claims that the verdict was the result of compromise by the jury of the rights of the son and the father. He bases this claim upon some talk between the jurors while in the jury room considering the case which his attorney overheard while standing in a corridor. We cannot allow the verdict to be impeached by the affidavit of the attorney stating what he heard. It is settled in this State that the affidavits of jurors as to what took place in the jury room are inadmissible to impeach their verdict. *Tucker* v. *The Town Council of South Kingstown,* 5 R. I. 558; *Phillips* v. *The Rhode Island Co.,* 32 R. I. 16. With greater reason should the affidavits of what the attorney heard some juror say be excluded both on the ground of public policy and as violative of the general rule excluding hearsay testimony.

Plaintiff urges his exception to the refusal of the trial justice to grant thirteen requests to charge. While a party has a right to submit requests for instructions we have repeatedly held that it is not error to refuse to give the instructions requested where the substance of them is embodied in the instructions already given. *McGarrity* v. *N. Y.*

N. H., & H. R. R. Co., 25 R. I. 269; *McGowan* v. *Court of Probate of Newport*, 27 R. I. 394; *Blake* v. *R. I. Co.*, 32 R. I. 213. It is sufficient if the instructions state in a clear, concise and simple manner the principles of law applicable to the evidence in the case, and it is unnecessary for the court to repeatedly state its instructions. We have compared plaintiff's requests to charge with the instructions given by the trial justice and find that he included therein the substance of plaintiff's requests to charge. The exception is without merit.

Plaintiff urges his exception to the following portion of the charge defining the preponderance of evidence, namely, "The plaintiff, of course, in a case of this kind must prove his case by what is called a clear preponderance of evidence. That is, as you weigh the evidence in your mind, the effect it has upon you, and exercising your best judgment, if the mental scales in which you weigh it weigh more for the plaintiff than for the defendant, you would bring in a verdict for the plaintiff. If, on the contrary, they weigh the same on both sides or weigh more for the defendant, then you would bring in a verdict for the defendant." The specific objection now made to this portion of the charge is that the trial justice used the adjective "clear" before the noun "preponderance" and the claim is made that it imposed a greater degree of proof upon the plaintiff than the law requires. This objection was not made known to the trial justice when plaintiff's attorney said, "I take exception to the charge of the Court and especially to that part thereof where the Court defines the preponderance of the evidence." There is nothing in this language to indicate that the plaintiff objected to the use of the word "clear." This court has held that exceptions to a charge not specifically taken will not be considered. *Newton* v. *Weaver*, 13 R. I. 616; *Coop* v. *Frederick H. Bishop Co. Inc.*, 48 R. I. 227. Nevertheless we will consider this exception. The general rule in this State as to the burden of proof in civil cases is that all issues of fact are to be determined in accordance with the prepond-

erance or weight of the evidence. *Nelson* v. *Pierce*, 18 R. I. 539. Plaintiff argues that the rule does not require that the plaintiff must "clearly" prove his case; that such an expression is synonymous with "beyond dispute" or even "beyond a doubt". The portion of the charge objected to furnishes no foundation for this argument. The trial justice immediately explained to the jurors what he meant by the "clear preponderance of the evidence." With this explanation we are of the opinion that the jurors were not misled by the use of the word "clear" and understood that it was necessary for the plaintiff to prove his case only by the preponderance of the evidence.

Plaintiff urges his exception to the portion of the charge which defined the discretion or care required of a child in crossing a public highway. Plaintiff admits that the judge fairly stated the law in the first portion of the charge to which exception was taken; but he claims that the judge launched into a discussion of the law and facts in a manner which was erroneous and misleading to the jury. We think the criticism of the charge is unfounded and cannot be sustained. The law last referred to was the statute law and was correctly stated and the facts mentioned were in evidence or were used by way of illustration. The judge told the jury it was for them to determine what discretion the plaintiff should have used under the circumstances and whether he did exercise that particular discretion.

Plaintiff also urges his exception to the granting of several of defendant's requests to charge. The requests are correct statements of the law applicable to the evidence and it was not error for the trial justice to charge as requested.

All of the plaintiff's exceptions are overruled, and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Eugene L. Jalbert,* for plaintiff.
*John R. Higgins,* for defendant.