SAMUEL SARITELLI *vs.* INDUSTRIAL TRUST COMPANY.

MARCH 23, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

CONDON, J. This action of trespass on the case for negligence was tried to a jury in the superior court. At the conclusion of the plaintiff's evidence the defendant rested and moved for a directed verdict which was denied. Thereafter the jury returned a verdict for the plaintiff and the defendant moved for a new trial which was also denied. It duly excepted to each denial and also to a portion of the trial justice's charge to the jury.

The case is here on defendant's bill of exceptions containing such exceptions and also others taken during the trial. However, it has briefed and argued only the above-mentioned exceptions and, therefore, only those exceptions will be considered. The others having been neither briefed nor argued are deemed to be waived.

In its second amended declaration, on which the case was tried, plaintiff alleged in substance that he was injured by the fall of a portion of the ceiling in a building belonging to defendant and that such fall was due to the negligence of defendant in allowing the roof "to become leaky, rotten, and in disrepair, so that as a result the ceiling" below it "became rotted and in disrepair." The defendant pleaded the

general issue and thereafter a pre-trial order was entered as follows: "Issues for trial: whether the defendant owed any duty to the plaintiff with respect to the maintenance of said ceiling and, if so, whether there was any negligence, contributory negligence and damage; and plaintiff is claiming for personal injury."

It appears from the undisputed evidence that plaintiff was the tenant of room K, so called, situated on the fourth floor of a building owned by defendant at 103 Westminster street in the city of Providence; that the roof of the building was immediately above said floor with the exception of a "crawl space" of about two feet between it and the ceiling of room K; that on January 29, 1951, a cold, dry day, a portion of said ceiling variously estimated as three feet square and two and one-half feet square fell upon plaintiff and injured him in "the right shoulder and arm and side, knee, leg and foot"; and that he is still lame and sore and has not been able to work since the accident.

There was evidence that over a long period the ceiling became damp and wet on rainy days so that at times water dripped down on to the floor and that it was necessary to put pails under the leaks. The plaintiff's daughter Adele testified that for a number of years she frequently called on her father at his shop in room K and noticed cracks in the ceiling and that when she was there on rainy days some parts of it leaked and it was always dripping. She also testified that it was "saggy" and there were spots on it where the rain had come in.

Vito A. Saritelli, plaintiff's son, testified that the ceiling was discolored by faded spots when it was dry; and when it was raining you could see where the ceiling leaked. He further testified that they had "to put pans and pails on the floor to keep the water from going all over the place."

The plaintiff testified that when it rained the water would run along the ceiling and drip down on the walls and floor and that he would have to put out pails. He further testi-

fied that he complained about the condition to John W. Moore, assistant secretary of the defendant; that he said he would fix it up; and that ten or fifteen times he, plaintiff, saw men go up on the roof but they never fixed it.

Mr. Moore was called by plaintiff and testified that plaintiff had made no complaints to him nor anyone else to his, Moore's, knowledge, and that defendant had never repaired the ceiling until about two weeks after the accident.

Mr. Earl Crawford, Jr., superintendent and chief engineer in charge of defendant's buildings, was called by plaintiff and he testified that complaints about defects in the buildings would be made to him and that he had never received any concerning leaks in plaintiff's office. He further testified that there were no leaks in the roof over room K; that the fall of plaster from the ceiling had nothing to do with water; that he inspected some pieces of the plaster a day or two after the accident and found them dry; and that in his opinion the plaster had fallen because of "old age." He admitted he had men on the roof every spring checking for defects and fixing flashings near the chimney at the side of the building; but he denied there was any defect in the roof. He further admitted that he had fixed a leak in the roof over a show window of a store on the ground floor of the building and he explained how that leak was caused, but he denied it had any connection with any defect in the roof of the building.

On this evidence defendant contends that it was entitled to a directed verdict in its favor for three reasons: First, because its alleged negligence was not the proximate cause of the accident; second, that plaintiff was contributorily negligent as a matter of law; and third, that his prima facie case is dependent upon the drawing of an inference from an inference and is therefore invalid. The defendant has argued in support of each of these reasons at considerable length in its brief. We have carefully considered such arguments but we do not think it is necessary to treat each

one separately. It is sufficient to say that in the circumstances here we have found them without merit as grounds for a directed verdict.

Viewing the evidence most favorably to plaintiff, as we must on defendant's motion, we are of the opinion that there is some evidence, albeit slight, from which the jury could infer that a defective condition of some kind in the roof let in water on the ceiling on so many occasions that it finally weakened it and caused it to fall. This is not superimposing an inference upon an inference, as defendant argues, but is drawing a single inference from the direct testimony that water came through the ceiling in rainy weather.

Whether plaintiff was negligent in continuing to occupy the room after he became aware of the condition of the ceiling as a result of it having been wet so much was a question for the jury. As we have often said, negligence is usually a question of fact except where the facts are such that a person of ordinary prudence would perceive at once what to do or what to refrain from doing, in which case it is a question of law. *Floyd* v. *Turgeon,* 68 R. I. 218.

Whether the alleged negligence of defendant in allowing the roof to be and remain in a leaky condition was a proximate cause of the plaster falling and injuring plaintiff was in the circumstances here, according to plaintiff's evidence, properly a question of fact and not of law. Sometimes the question of proximate cause is one of law, but where different reasonable inferences are possible it is one of fact. *Kane* v. *Burrillville Racing Ass'n,* 73 R. I. 264. See also *Hayman* v. *Union Corp.,* 66 R. I. 11. Only in plain and indisputable cases is it for the court; ordinarily it is a question for the jury. 65 C.J.S., Negligence, §264 (a), p. 1183. The trial justice, therefore, did not err in denying defendant's motion for a directed verdict. Its exception to such denial is overruled.

Under its exception to the charge, defendant contends

that the following portion thereof constitutes reversible error in the absence elsewhere in the charge of a definition of negligence and a statement of defendant's duty in the premises: "Now, if you find from the testimony that the roof was defective; that it did leak and that leak caused the loosening of the plaster and the falling of the plaster and that was the cause of the injury and that the Defendant knew about it or he was in a position to have known about it, then you would find the Defendant 'Guilty of Negligence'."

In our opinion the inescapable effect of that statement upon the minds of the jury was to leave them with the impression that if they found the roof leaked, and defendant knew or should have known it, and that such leak caused the ceiling to fall, then they could find that defendant was negligent and therefore liable for plaintiff's injury. That statement is incorrect because it falls short of advising the jury as to the nature of defendant's duty in such circumstances.

They should have been further instructed that it was defendant's duty to take such steps as a reasonably prudent man would take to keep the roof in a reasonably safe state of repair. so that the elements would not enter and cause damage to tenants or others lawfully on the premises. The absence of some such language left defendant practically an insurer of the safety of persons on the premises regardless of what prudent steps it may have taken in the care of its property. Since we cannot be sure that such erroneous instruction did not prejudice defendant and deprive it of a fair trial defendant's exception to the charge is sustained.

Under the exception to the denial of its motion for a new trial defendant contends that such denial is entitled to no weight here because the trial justice did not properly perform his duty in passing on the question of defendant's liability. In his decision from the bench the trial justice said: "I think I ruled on that at the time of the defendant's

motion for a direction." And then without saying more he proceeded to review the evidence as to the damages. It is clear from his decision that he did not independently weigh the evidence on the issue of defendant's liability or pass upon the credibility of the witnesses as he ought to have done. On the contrary he appears to have assumed that this function had already been fully performed by him when he denied the motion for a directed verdict.

Of course the function of the trial justice in the two instances is not the same. On the motion to direct a verdict he may not pass on the credibility of the witnesses and he must view all the evidence most favorably to the party against whom the motion is made. If he acts in such manner on a motion for a new trial he fails to perform his duty and to give the moving party the benefit of his independent judgment of the witnesses and the evidence. And he deprives such party of his opinion whether the verdict corresponds to the true merits of the controversy and does substantial justice between the parties.

In such a case the trial justice's approval carries no weight on review in this court. *Baker* v. *Kinnecom,* 68 R. I. 453. Where he has failed to perform his duty we ourselves must examine the evidence and determine whether there is a great preponderance against the verdict. From our examination of the transcript we are of the opinion that the credible evidence supports defendant's claim that the roof was not in a state of disrepair and that it was not rain leaking through the roof that caused the ceiling to fall. In other words, we think plaintiff has failed to show that defendant was negligent in its care of the roof. He had the burden of showing that the proximate cause of the fall of plaster from the ceiling was a negligently maintained roof for which defendant was responsible. Proof that the ceiling was in a state of disrepair was not sufficient to establish the liability of defendant since, as the landlord, it did not have the duty of keeping in good repair the premises de-

mised to plaintiff.  *Whitehead* v. *Comstock & Co.*, 25 R. I. 423.

The defendant's exception to the denial of its motion for a directed verdict is overruled, its exceptions to a portion of the charge and to the denial of its motion for a new trial are sustained, and the case is remitted to the superior court for a new trial.

*Abraham Factor,* for plaintiff.

*Sherwood & Clifford, Sidney Clifford, Kirk Hanson,* for defendant.