MARILYN M. CHASE *vs.* WILLIAM J. GOYETTE.

JUNE 17, 1957.

PRESENT: Flynn, C. J., Condon, Roberts and Paolino, JJ.

ROBERTS, J. This action of trespass on the case for negligence was brought to recover damages for injuries alleged to have been sustained as a result of a collision between an automobile in which the plaintiff was a passenger and a car owned and operated by the defendant. The case was tried to a jury in the superior court together with two other cases that arose out of the same collision. At the conclusion of the trial thereon the jury returned a verdict for the defendant in each case. A motion for a new trial was filed by the plaintiff in each case, and the trial justice denied the motion in two of the cases but granted a new trial in

the instant case. This case is before us on the defendant's single exception to the granting of such motion.

The plaintiff's motion for a new trial was based on the usual grounds that the verdict was against the evidence and failed to do substantial justice between the parties. The defendant now urges that in passing on the motion the trial justice did not exercise his independent judgment on the evidence, as we have frequently stated he is required to do. He argues that in this circumstance we cannot give the usual persuasive force to the decision of the trial justice and that we must examine the transcript for ourselves and determine whether the evidence preponderates so strongly against the verdict that it was not error for the trial justice to disturb it. See *Monacelli* v. *Hall*, 71 R. I. 55, 62. We have held repeatedly that in passing on a motion for a new trial on the ground that the verdict is against the evidence, it is the duty of the trial justice to exercise his independent judgment on the weight of the evidence and the credibility of the witnesses and to determine therefrom whether the verdict was supported by a preponderance of the evidence and does substantial justice between the parties. *Saritelli* v. *Industrial Trust Co.*, 84 R. I. 42, 121 A.2d 329.

The collision out of which this case arose occurred at the intersection of Maple street and Old Warren Road in the town of Swansea in the Commonwealth of Massachusetts on September 11, 1952. It is not disputed that defendant was operating an automobile owned by him in a southerly direction along Maple street and that plaintiff was a passenger in an automobile being operated by Lillian Melanson in an easterly direction along Old Warren Road. There is a stop sign located on Old Warren Road which requires traffic proceeding along that highway to come to a stop before entering the intersection of Maple street.

The testimony as to what happened at the time of the collision is in substantial dispute. Evidence adduced on behalf of plaintiff was to the effect that the driver of the

car in which she was riding stopped at the stop sign on Old Warren Road at which point her ability to look into Maple street was limited because of a dwelling house located at the corner. The operator testified that she put her car into first speed and "eased the car out so that I could see up to my left around the house." She testified that upon looking into Maple street she saw no traffic and, accelerating her car, started across Maple street. At this time she looked to her left again and saw defendant's automobile coming at a speed of about forty-five miles an hour and her car was immediately struck by his car.

The defendant testified that he approached the intersection of Old Warren Road and Maple street at a speed of from twenty to twenty-five miles an hour and that he saw the car in which plaintiff was a passenger coming out of Old Warren Road when it was at a point some 15 feet back from the intersection. He further testified that he reduced his speed and sounded his horn; that the other car kept coming out of Old Warren Road; that he applied his brakes and came to a stop; and that his car was struck by the car in which plaintiff was a passenger. He also testified that he did not see the car in which plaintiff was riding stop before entering Maple street; that it was coming at a speed of from thirty to thirty-five miles an hour; and that he could have stopped his car instantly had he not assumed that the other car was going to stop.

Thomas J. Higginson, a retired member of the Massachusetts State Police, also testified on defendant's behalf. He stated that he was operating his car along Maple street behind defendant and was proceeding in the same direction. He further testified that he was 25 to 30 feet behind defendant's car, which was traveling around twenty to twenty-five miles an hour. According to Mr. Higginson the other car came out of Old Warren Road without stopping and hit defendant's car and spun it around.

We have reviewed the evidence sufficiently to show that

there is a substantial conflict therein concerning the manner in which this collision occurred. That being so, the question of credibility is an important factor. Since the status of plaintiff is that of a passenger, the validity of the verdict depends in large measure on the weight to be given the evidence adduced to show that defendant was free from negligence. This is a question in the first instance for the trial justice, who has seen the witnesses and heard them testify and is therefore better able to evaluate their testimony than we are.

A trial justice when passing on a motion for a new trial should state the reasons for his decision. In doing so, however, he has a wide latitude with respect to the form in which he shall state these reasons and in the ordinary case he is not required to set them out at length in express terms. If it is not pointed out that he either overlooked or misconceived any material evidence, *Sharp* v. *Rhode Island Hospital Trust Co.*, 68 R. I. 248, 255, and if we can reasonably infer from the language he used that he passed upon the weight of the evidence and the credibility of the witnesses in reaching a conclusion as to the validity of the verdict, we will give his decision great weight. *Smith* v. *United Electric Rys.*, 70 R. I. 377.

We have examined the language used by the trial justice in this case and are of the opinion that we may reasonably infer therefrom that he considered and passed upon the credibility of the defendant and of the witness Higginson and concluded that they were not entitled to full belief. He makes it clear also that in weighing the evidence adduced on the issues of negligence and contributory negligence he recognized that the instant case, which was brought by the plaintiff passenger, differs substantially from those brought by the plaintiff owner and the plaintiff operator. We are satisfied that he exercised his independent judgment on the evidence and the weight thereof and concluded that the verdict did not do substantial justice between the parties.

474

In our opinion, the trial justice performed the duty required of him in passing on a motion for a new trial and he did not overlook or misconceive any material evidence. In such circumstances we cannot say that he was clearly wrong in his decision ordering a new trial.

The defendant's exception is overruled, and the case is remitted to the superior court for a new trial.

FLYNN, C. J., did not participate in the decision.

*Harlow & Boudreau,* for plaintiff.

*Lisker & Lisker, Albert Lisker,* for defendant.