MICHAEL PALUMBO *vs.* RICHARD J. GARROTT.
ANGELINA PALUMBO, *p.a. vs.* RICHARD J. GARROTT.
MICHAEL PALUMBO *vs.* JAMES H. GARROTT.
ANGELINA PALUMBO, *p.a. vs.* JAMES H. GARROTT.

FEBRUARY 19, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. These are four actions of trespass on the case for negligence that were brought to recover damages for injuries alleged to have been sustained in a motor vehicle collision. The cases were tried together to a jury in the superior court, and thereafter a verdict for the defendant was returned in each case. In each case the plaintiff moved for a new trial, and each motion was denied. The plaintiff now prosecutes a bill of exceptions to this court in each case, including therein exceptions to certain evidentiary rulings of the trial justice, to the refusal of the trial justice to charge as requested, and to the denial of the motion for a new trial.

The plaintiff Angelina Palumbo, being a minor, brought suit through her father and next friend, Michael Palumbo. Inasmuch as recovery in his cases depends on the defendants' liability to the plaintiff Angelina, we shall hereinafter treat her as the sole plaintiff. Our decision, however, will apply to the plaintiff in each case.

It appears from the evidence that on Sunday, August 30, 1959, Richard J. Garrott, hereinafter referred to as defendant, was driving an automobile owned by his father, defendant James H. Garrott, in a southerly direction along Newport avenue in the city of Pawtucket. It further ap-

pears that plaintiff was a passenger in the automobile and was riding in the front seat thereof to the right of defendant. According to the evidence, defendant was driving in the inside lane of Newport avenue, a four-lane highway, and was following an automobile that was about three car lengths ahead of him in the line of traffic. The defendant testified that after passing through the intersection of Beverage Hill avenue the automobile immediately ahead of him in the line of traffic suddenly stopped; that he thereupon attempted to apply the brakes of his car; that his foot slipped from the brake pedal to the gas pedal; and that the automobile jumped forward and collided with the rear of the car that had stopped immediately ahead.

The plaintiff contends that the trial justice erred in excluding testimony that would have had probative force on the question of defendant's negligence by sustaining an objection to an inquiry put by plaintiff during cross-examination of defendant. He had previously testified that his car was about forty feet behind the car with which he collided at the time that car suddenly stopped. The precise question under consideration was: "I am talking about this time, this time shortly before the time of this trailing forty feet behind this particular car, this particular Sunday, you could have brought your car to a stop in forty feet?" The plaintiff argues, in substance, that the effect of sustaining this objection was to preclude proof by plaintiff of certain specific acts of negligence on the part of defendant.

The short answer to this contention is that plaintiff was seeking to elicit from defendant an opinion as to whether, in the circumstances to which he had just testified, he could have stopped his car before it collided with the car ahead of it. This is a matter so clearly within the comprehension of the jury as to preclude the admission of opinion evidence thereon. This court has long adhered to the evidentiary proposition that when circumstances are such as can be fully and adequately described to a jury and are of such charac-

ter that their bearing upon an issue can be estimated and understood by all men without special knowledge or training, the opinion of witnesses, expert or otherwise, is not admissible thereon. *Glennon* v. *Great Atlantic & Pacific Tea Co.*, 87 R. I. 454, 457; *Fontaine* v. *Follett,* 51 R. I. 413, 416. It is our opinion that no error inhered in the exclusion of the testimony sought to be elicited.

It is also contended by plaintiff that prejudicial error inhered in the refusal of the trial justice to charge the jury in accordance with her specific requests for instructions. The plaintiff had submitted five requests for specific instructions, all of which were concerned with the conduct of defendant which, if established, would constitute evidence of negligence. The plaintiff contends that the trial justice erred in that he refused to apply specific rules of the law of negligence to particular fact situations she contends had been established by the evidence. The charge as given may in some measure have been general and wanting in precision. It does, however, in our opinion, fairly state the law applicable to the instant cases and informs the jury of the relationship thereof to the facts in evidence. In such circumstance we will not hold that the charge as given was prejudicial merely because it would have been clarified had the instructions requested been given. *Harley* v. *Big Ben Market Co.*, 80 R. I. 502.

When the charge as given is examined, it is clear that the trial justice instructed the jury as to the law of negligence and its application to the law of motor vehicles. This he did, not only in general terms but specifically with respect to situations in which motor vehicle operators are confronted with sudden emergencies and as to the rule of the road applicable to situations where one vehicle is following closely upon another. In our opinion the charge as thus given covered the substance of the plaintiff's requests. It is our further opinion that had the trial justice charged the jury as

specifically requested, he would have been required to discuss the evidence in full to avoid misleading and confusing them by such instructions. It is well settled that the question of discussing evidence in a charge is one within the discretion of a trial justice, and in the instant cases we perceive no abuse thereof. *Rossilli* v. *Iacovelli*, 88 R. I. 456. The refusal to instruct as requested did not constitute error in the circumstances.

In the course of argument on her motions for new trial, plaintiff sought permission to introduce testimony as to remarks made by certain of the jurors during the course of the trial. The trial justice denied this motion, and plaintiff took exception to that ruling. It appears from the record that plaintiff sought to introduce evidence through a member of the general panel who had talked outside of the courthouse to certain members of the jury trying the instant cases. According to plaintiff, this testimony, in substance, would be that these jurors said that they were still on the Palumbo case and that they were not going to give plaintiff one cent.

The plaintiff is here seeking to impeach the verdicts by a showing that certain of the jurors were guilty of gross misconduct sufficient to require that a new trial be granted. The alleged misconduct to which such reference is made was the formation of conclusive opinions by certain jurors as to the merits of the cases during the progress of the trial. She proposes to impeach the verdicts by showing that remarks were made to that effect by these jurors outside of the jury room and were overheard by another member of the panel. The question thus raised does not challenge the indifference of a juror but rather attempts to impeach verdicts already rendered.

It is the long-established rule in this state that a verdict rendered by a jury may not be impeached upon evidence elicited from a juror as to misconduct either of himself or

other members of the jury in or out of the jury room. *Tucker* v. *Town Council,* 5 R. I. 558. It is equally well settled that the affidavits as to the declarations of jurors will not be admitted into evidence to impeach a verdict because of the requirements of sound policy as well as the hearsay nature of such evidence. *Phillips* v. *Rhode Island Co.,* 32 R. I. 16. The public interest requires that litigation be terminated, and to this end jury verdicts should possess a conclusiveness that will preserve the stability of the jury trial as an instrument for doing substantial justice. To accept evidence for the purpose of impeaching such verdicts either from the jurors themselves or from others as to statements made by jurors would do substantial violence to the policy above enunciated.

The instant case is similar to *Bourre* v. *Texas Co.,* 51 R. I. 254. There the plaintiff sought to impeach a verdict already rendered through the affidavit of his attorney, wherein the attorney deposed that he had overheard improper remarks being made by the jurors in their consideration of the case. The court there noted that affidavits of jurors will not be admitted to impeach their own verdict and then went on to say at page 260: "With greater reason should the affidavits of what the attorney heard some juror say be excluded both on the ground of public policy and as violative of the general rule excluding hearsay testimony." This rule was approved in *Guadagno* v. *Folco,* 62 R. I. 404, at page 410. It is our opinion that the action of the trial judge in the instant cases excluding the proffered testimony was not error.

The plaintiff also presses her exceptions to the action of the court in instructing the jury that Dr. Thomas C. McOsker had been designated by the court to examine plaintiff pursuant to defendant's motion for the appointment of an impartial medical examiner. These exceptions are without merit in our opinion. The testimony of the witness was concerned wholly with the nature and extent of plaintiff's

injuries as bearing on the question of damages and, in our opinion, was manifestly without bearing on the question of liability. It appears from the transcript that the trial justice instructed the jury that it was to pass upon the question of liability of defendant before considering the question of damages, and that if on that issue it found for defendant it was to give no consideration to the evidence relating to damages. It is well settled that absent a showing to the contrary juries will be assumed to have followed the instructions given them by the trial court in reaching their conclusions. *Gomes* v. *J & P Realty Co.*, 89 R. I. 211; *Carpenter* v. *United Electric Rys.*, 87 R. I. 424. If error did inhere in the instruction to which exception was taken, it was not such as would prejudice plaintiff.

There remains to be considered plaintiff's exception to the denial of her motions for a new trial. The state of the record here is such as to preclude any reasonable contention that the trial justice did not, in passing upon these motions, comply fully with the duty to which these motions give rise. It is clear that he passed upon the weight of the evidence and the credibility in an exercise of his independent judgment and in so doing expressly stated that he found defendant to be worthy of belief and that the credibility of plaintiff was compromised by inconsistencies and exaggeration in her testimony. When passing upon a motion for a new trial, the trial justice has wide latitude with respect to the form of his decision thereon, and when that decision is reasonably sufficient to show that he exercised his independent judgment in passing upon the evidence and the credibility of the witnesses, it will be given great weight and will not be disturbed by this court unless it was clearly wrong. *Chase* v. *Goyette*, 85 R. I. 469.

The plaintiff is not arguing, as we understand her, that the trial justice overlooked or misconceived material evidence. She contends rather that he erred in holding that certain of the witnesses were unworthy of belief. This ar-

504

gument might be meritorious if the situation were one in which the testimony of these witnesses was uncontradicted and unimpeached. That, however, is not the situation, for here the evidence material to the issues was in sharp conflict, and it was the duty of the trial justice in passing upon these motions to assess its probative force. This he did with competence and courage, and in the circumstances it cannot be said that he was clearly wrong. It is our conclusion that no error inhered in the denial of the plaintiff's motion for a new trial in each case.

All of the plaintiff's exceptions in each case are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Kirshenbaum & Kirshenbaum, William Young Chaika,* for plaintiffs.

*Carroll & Dwyer, Robert L. Kiernan,* for defendants.

