WILLIAM J. MCCARTHY *vs.* DANIEL J. MCCARTHY *et al.*

MAY 9, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.   This is an action in assumpsit brought in a district court by a broker to recover a commission for the sale of real estate.   Decision was rendered for the plaintiff for $165 and the case was certified to the Superior Court on defendants' claim of a jury trial.   In the Superior Court the trial justice directed a verdict for the defendants and the case is before us on the plaintiff's exception to such direction.

The defendants, who are husband and wife, employed the plaintiff to sell a parcel of real estate owned by them and gave plaintiff an exclusive agency for the period of three months ending May 9, 1923. A sale not having been effected within said period, the plaintiff requested a renewal of the contract but the defendants refused to extend the period of exclusive agency. The price asked for the real estate was $6,000. Two days after the date of expiration the plaintiff brought to the defendants' house a Mr. Kerns as a prospective customer and was permitted to conduct him through the house. On the same day the plaintiff by telephone informed the defendants of the fact that Mr. Kerns had made an offer of $5,500. The defendants refused the offer. On the following day Mr. Kerns called at the plaintiff's office and inquired whether the offer had been accepted. Defendant Mrs. McCarthy testified that during the next two or three weeks the plaintiff called with other prospective customers; that she refused to permit them to examine the inside of the house and told the plaintiff that she had decided not to sell the house. Plaintiff denied this testimony and further testified that he called at different times with other prospective customers and learned on each occasion that there was no one at home. Mrs. McCarthy further testified that around the latter part of May a Mr. Fortin called on her and requested authority to sell the house as her agent and stated that he had a customer who was ready to pay $6,000; that, without disclosing the name of his customer, he paid her $100 on account of the purchase price; that she gave him a receipt and agreed to pay him a commission of 3%; that on June 14, 1923, they conveyed the property to said Kerns for $6,000 and that she did not know until she arrived at a bank to make the conveyance that Mr. Fortin's customer was the Mr. Kerns to whom the plaintiff had shown the property. She further testified that she paid a commission to Mr. Fortin.

The plaintiff denied that Mrs. McCarthy ever told him that the property was withdrawn from the market or that his services as a broker were no longer acceptable to her.

It is clear that on the day the plaintiff conducted Mr. Kerns through the house an implied, if not an express, contract of agency to sell existed. Mrs. McCarthy knew that the plaintiff at her request had been endeavoring to find a customer. Although he no longer had an exclusive agency she knew when she permitted him to exhibit the house to Mr. Kerns that the plaintiff was working to earn a commission. Her conduct shows conclusively that she was willing to avail herself of his services as a broker. She does not even suggest that his agency was revoked until some little time thereafter.

This case is governed by rules enunciated in *Gross* v. *Tillinghast*, 35 R. I. 298, in which case the plaintiffs therein called a customer's attention to the defendant's real estate, showed it to him and told him the price at which they were authorized to sell. The plaintiffs had been previously authorized to act as defendant's brokers relative thereto. The plaintiffs apparently obtained no offer. Soon after the plaintiffs showed the property to the customer he opened negotiations with another broker and purchased the property through him at a lower price than the plaintiffs were authorized to quote. The defendant paid a commission to the second broker. The plaintiffs brought suit to recover a commission for the sale of the property. This court in passing upon the case said: "If the plaintiffs have done what they claim to have done in connection with this sale, it is not necessary that they should enter upon a line of testimony intended to exclude all other influences. If they called the attention of the purchaser to the property, had interviews with him regarding it, and exhibited it to him and such efforts were followed by a sale, it must be presumed that such sale resulted from the plaintiffs' efforts."

In *Langhammer* v. *Cote*, 117 Atl. (R. I.) 529, the same rule was applied to substantially the same facts as those in *Gross* v. *Tillinghast*, with the exception that the owner sold the property without the intervention of another broker

and the plaintiffs had done nothing except to call the customer's attention to the property.

It is clear that the plaintiff first interested Mr. Kerns in the property. When the second broker intervened it does not appear that the negotiations between the plaintiff and Mr. Kerns had been expressly broken off or that the latter had lost interest in the property and dismissed from his consideration the problem of attempting to purchase the property. The inference is strong that he had not. It was only about two weeks after Mr. Kerns examined the property as the customer of the plaintiff and made the offer of $5,500 that the second broker told the defendants that he had secured a customer and paid the deposit. Nothing else appearing and the interval being so short, it is presumed under the circumstances that the plaintiff's efforts were the procuring cause of the sale. *Gross* v. *Tillinghast, supra; Fisher* v. *Hanson*, 122 Atl. 906.

It is immaterial that the property was sold for a higher price than the customer had offered to the plaintiff or that a commission was paid to the second broker. *Peckham* v. *Ashhurst*, 18 R. I. 376. Even although the defendants when they accepted the deposit acted in good faith, they knew when they made the conveyance and paid the commission to the second broker they were selling to plaintiff's customer.

Assuming that the defendants told the plaintiff that they had withdrawn the property from the market—which is very doubtful—they are, nevertheless, liable for a commission because they accepted the results of his labors rendered while acting as their broker. One cannot escape liability under such circumstances by dismissing a broker.

It is admitted that the property was sold to Mr. Kerns for $6,000. If the plaintiff is entitled to recover there is no dispute that $180 is the correct amount. The commission agreed upon was 3%.

The defendants may, if they shall see fit, appear on May 16, 1928, and show cause, if any they have, why an order should not be made remitting the papers in the case

to the Superior Court with direction to enter judgment for the plaintiff for $180 and interest from the date of the writ.

*Charles F. Risk*, for plaintiff.

*Fitzgerald & Higgins*, for defendants.