PATRICK J. H. MULLEN *vs.* YETTY WIENER.

JUNE 26, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of assumpsit for the recovery of a broker's commission and is before this court on defendant's exception to the decision of a justice of the Superior Court, sitting without the intervention of a jury, in favor of the plaintiff for the amount of his claim.

The facts are as follows: The plaintiff is a real estate broker in the city of Pawtucket. The defendant was the owner of real estate situated on Mineral Spring avenue, in the city of Pawtucket, for the sale of which the plaintiff claims a commission.

On the 28th day of May, 1928, one Israel Wiener, husband of Yetty Wiener, went to the office of the plaintiff and requested that the plaintiff endeavor to sell the above mentioned real estate of the defendant. At that time, Mr. Wiener signed a contract giving to Mr. Mullen the sole and exclusive agency for the sale of said real estate for sixty days. The contract further provided that if, at the expiration of sixty days, a sale had not been consummated, the contract for exclusive agency of sale was to be still in force unless and until it was rescinded by the seller by notice to the real estate broker in writing .

The property was not sold during the sixty days and the transcript discloses contradictory statements as to whether

the defendant revoked the plaintiff's agency at the end of that time, there being, on the part of the defendant, testimony showing a waiver of such notice on the part of plaintiff and contradictory testimony regarding this fact was given by plaintiff.

The property was finally sold to Timothy Gravello for $13,000., and the decision of the trial justice in favor of plaintiff was for 3% of this amount.

Timothy Gravello, who purchased the property from the defendant, testified that the plaintiff first showed him the property and interviewed him several times in regard to it, the last time he saw him being two weeks, or so, before the deed passed.

Plaintiff testified that he showed the property to Gravello and interviewed him five or six times relative to its purchase, the last time, being about a month before Gravello bought it, was at the request of Mr. Wiener and a considerable time after the expiration of the sixty days referred to in the contract. Gravello's testimony was corroborated by that of his daughter.

If these witnesses were believed by the trial justice, he was justified in finding the plaintiff to have been the "effective agent" in bringing about the sale and was thereby entitled to his commission under the decisions of this court in *Gross* v. *Tillinghast*, 35 R. I. 298; *Langhammer et al.* v. *Cote et ux.*, 117 Atl. 529; *McCarthy* v. *McCarthy et al.*, 142 Atl. 142.

The trial court upon competent evidence having found for the plaintiff such finding will, unless "clearly erroneous," not be disturbed. *Ricci* v. *McGovern*, 149 Atl. 860.

Defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Hugh M. Devlin, George Hurley, Walter V. Moriarty*, for plaintiff.

*Robinson & Robinson, Edmund Wexler*, for defendant.