MARGUERITE GETTLER *vs.* EDOUARD CAFFIER *et al.*

DECEMBER 6, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Roberts, J. This action in assumpsit brought to recover a brokerage fee was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendants. The plaintiff has prosecuted a bill of exceptions to this court but now relies solely upon her exception to the decision of the trial justice.

There is no substantial dispute concerning most of the material facts in this case. The plaintiff, a Pawtucket realtor, had taken Mrs. Annie Sandler, hereinafter referred to as the purchaser, to view the exterior of a dwelling house

owned by defendants and located in that city. At the time of this inspection late in August 1957 the purchaser expressed an interest in buying the house. Thereafter on September 3, 1957 the parties entered into an oral agreement whereby plaintiff was employed by defendants to procure a buyer for the property.

It is not disputed that plaintiff was the first broker to show the property to the purchaser and to introduce her to defendants. Neither is it disputed that plaintiff brought the purchaser to the house on two occasions for the purpose of inspecting the interior of the premises or that she had communicated at least three offers to buy from the purchaser to defendants, all three of which admittedly were refused by defendants.

According to plaintiff's version, the last of these offers was made on November 3, 1957 when she informed defendants that the best offer that she could obtain from the purchaser was $14,000. The defendants, declining to sell at that price, told her that they were going to take the property off the market until the spring. The plaintiff also conceded under cross-examination that she understood that defendants were no longer interested in continuing to employ her as a broker and that thereafter she made several attempts to interest the purchaser in other properties. The purchaser, however, remained interested in defendants' house, and plaintiff testified that she therefore continued to make inquiry of defendants as to whether the property was still for sale and whether they would accept an offer of $14,000. The plaintiff testified that the last such call was made to defendants on March 24, 1958.

The testimony of defendants in this regard was contradictory of that of plaintiff. The defendants testified that plaintiff never did transmit an offer of $14,000 to them and that the highest offer ever transmitted by plaintiff was $12,-500. The defendant wife further testified that after September 1957 on three occasions she told plaintiff that she

was not interested in continuing to employ her for the purpose of selling the property. She further testified that plaintiff did not communicate with her concerning the property after September 1957 and specifically denied that plaintiff had made her an offer of $14,000 in March 1958.

There is no dispute that on April 4, 1958 defendants sold the house to the purchaser at a price of $14,000 and paid a commission thereon to another broker.

The plaintiff's contention is, as we understand it, that the undisputed facts in this case establish that she was the procuring cause of the sale that was ultimately made and therefore under the well-settled law of this state is entitled to a commission thereon. The evidence does establish that plaintiff had been employed by defendants to procure a purchaser for the property and that plaintiff first interested the purchaser in the property and introduced her to defendants. It is also clear that plaintiff on two occasions took the prospective purchaser to the house for an inspection of its interior and transmitted to defendants several offers to purchase the property made by the purchaser. Finally, it is clear that the property was sold to the purchaser thus interested by plaintiff.

It is the well-settled law of this state that when a broker is the effective agent in bringing about a sale or, stated otherwise, if he is the procuring cause, that is, a sale results from his efforts or negotiations, he is entitled to a commission even though the sale actually was accomplished through other persons. *G. L. & H. J. Gross* v. *Tillinghast,* 35 R. I. 298; *La Verde* v. *Impagliazzo,* R. I., 125 Atl. 284. That such a broker was the effective agent, or the procuring cause, may be established by showing that he was the first broker to interest the prospective purchaser in the property, that he caused such purchaser to inspect or view the property, and that he conducted negotiations concerning a sale thereof with the prospective purchaser. *Mullen* v. *Wiener,* 51 R. I. 457; *McCarthy* v. *McCarthy,* 49 R. I. 200.

In our opinion, however, in the instant case we are precluded from applying this principle of the law relating to brokerage agreements because of the nature of the finding upon which the trial justice based his decision. While the language used by the trial justice in making his findings of fact was ambiguous, we have concluded that he based his decision on a finding that the agreement between the parties was a special contract for the employment of plaintiff under terms which required her to procure a purchaser within a stated time who was willing to purchase at the price of $15,000 and that plaintiff had not performed within the terms of this contract. This court has held that the rule above discussed has application only in the absence of a special contract, that is, only to contracts that do not contain terms specifically prescribing what shall constitute performance thereunder. *Gallagher* v. *Paris,* 53 R. I. 186; *Cannon* v. *Staples,* 46 R. I. 300, 127 Atl. 145.

The transcript reveals a conflict in the evidence relating to the nature and the terms of the contract. The defendant wife testified that the contract was to be of thirty days' duration and was for a sale of the house at a price of $15,-000, she not being interested in selling at any lower price. She further testified that at the expiration of the thirty-day period she informed plaintiff that she was no longer interested in having her handle the house and that plaintiff did not transmit to defendants an offer to purchase at the price of $15,000.

The plaintiff's testimony was that the agreement was to have been an exclusive agency for a period of sixty days and that at the expiration of that period she continued to negotiate with defendants concerning the sale of this house to the purchaser until she made a final offer of $14,000 in March 1958. She further testified that at the time the agreement was made the understanding was that the $15,-000 was defendants' asking price. The plaintiff stated also that she understood that defendants did not desire her to

continue to represent them in the matter but that she did continue to transmit offers to them which were declined by defendants. She also conceded that she had never made an offer to defendants that was satisfactory to them while she did have the property for sale.

In these circumstances the trial justice was confronted with conflicting evidence as to the terms of the agreement, that is, whether it was the general agreement to employ the plaintiff as a broker or whether it was a special agreement to employ the plaintiff only for the procurement of a purchaser who would be willing to buy at the fixed price. It is our well-settled rule that when parties submit a case involving matters of fact as well as law to a justice of the superior court sitting without a jury, his findings of fact on conflicting evidence are entitled to great weight and will not be disturbed by this court unless they are clearly wrong. *Fine* v. *United Plumbing and Heating Supply Co.,* 85 R. I. 97. It is our conclusion from the decision of the trial justice that it was on this conflict in the evidence that he reached his conclusion that the contract between the parties was a special contract for the employment of the plaintiff as a broker under particular terms and provisions with which the plaintiff had not complied. We are unable to say that in reaching that conclusion he either misconceived or overlooked any material evidence or that his decision was clearly wrong.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Edward L. Gnys, Jr.,* for plaintiff.

*John F. Cuzzone, Jr., J. Frederick Murphy,* for defendants.