276 A.2d 285.

KIRBY, INC. *vs.* JAMES B. WEILER *et al.*

APRIL 21, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The plaintiff brought this complaint against the defendants James B. Weiler and Rana W. Weiler to recover a commission for the sale of certain property owned by the Weilers. The Weilers[1] filed an answer which contained three defenses. The first is a general denial; the

---

[1] We shall hereinafter refer to the Weilers as the defendants.

second sets up the statute of frauds; and in their third they implead the defendant Carey & Richmond, Inc.[2]

The defendants and the impleaded defendant each filed a motion for summary judgment under Super. R. Civ. P. 56 on the ground that there was no genuine issue as to any material fact and that defendants were entitled to judgment as matter of law. After considering the pleadings and the supporting and opposing affidavits, the trial justice granted the motions. The case is before this court on the plaintiff's appeal from the judgment granting the motions for summary judgment.

In the resolution of this question, Rule 56(c) requires that the pleadings, as stated, be examined in order to ascertain what were the issues, and thereafter the affidavits, admissions, answers to interrogatories and other similar matters be considered to determine whether those issues were genuine and material. *Slefkin* v. *Tarkomian,* 103 R. I. 495, 238 A.2d 742. 3 Barron & Holtzoff, *Federal Practice and Procedure,* §1236 at 158. If there existed a genuine issue of fact, then it was error to grant these motions. On the other hand, if the record disclosed no genuine issue as to any material fact, it was the duty of the trial justice to grant the motions, if in accord with the applicable law. In passing on these motions the trial justice was obliged to consider the affidavits and pleadings in the light most favorable to plaintiff. *Hodge* v. *Osteopathic General Hospital,* 107 R. I. 135, 265 A.2d 733. On appeal this court is bound by the same rules. *Hodge* v. *Osteopathic General Hospital, supra.*

With these rules in mind, we address ourselves to the

---

[2]We shall refer to Carey & Richmond, Inc. as the impleaded defendant. No affidavit opposing that of the impleaded defendant has been filed. Nor has the impleaded defendant filed briefs in this proceeding. Counsel for the impleaded defendant informed the court during oral arguments that it was relying on the briefs filed by defendants.

facts of this case. In July 1967, plaintiff, a real estate broker in Newport, was requested by a Mrs. Kenneth Shaw Safe to look for a house for her daughter, Mrs. Richard S. Loebs. In August 1967 defendants listed property owned by them for sale with plaintiff. This listing was in writing and was signed. During the month of August 1967, plaintiff examined the property and informed defendants that Mrs. Loebs was a potential prospect. A short time later the property was shown to Mrs. Safe, who told defendants she was acting as an agent for her daughter, and on September 22, 1967, plaintiff sent a letter to Mrs. Loebs which contained a full description of the property. However, by letter dated September 30, 1967, Mrs. Loebs informed plaintiff that the property was ideal except for price and that it was obviously too expensive for her. In the same letter she asked plaintiff to let her know if something else came on the market below $70,000 or $80,000.

Approximately four months later, in January 1968, Mrs. Loebs again wrote to plaintiff and informed plaintiff that she was not interested in buying any property in Newport at that time. She wrote that her husband was going to be assigned to duty in Washington, D.C., and that they would probably be buying a new house there.

In April 1968 defendants decided not to sell their property. They removed the same from the market and notified all brokers to that effect. Also in 1968, Mrs. Loebs returned to Newport. Since her mother had died, Mrs. Loebs took over the lease of her mother's Newport apartment. She spent part of the summer of 1968 in the Newport apartment and decided that she would like to buy something in the Newport area. In August 1968 she spoke to plaintiff about the Weiler property. The plaintiff called Mrs. Weiler to make an appointment and was told by her that she had taken the property off the market. The plaintiff informed Mrs. Loebs that the Weiler property was not

for sale, that it was off the market, and that it was impossible to inspect it.

Mrs. Loebs subsequently spoke to Mr. Richmond of Carey & Richmond, Inc., who also told her that the Weiler property was not for sale. Mr. Richmond, did, however, arrange for her to inspect the property and in August 1968 she was shown the property. During the time that Carey & Richmond, Inc. showed the property to Mrs. Loebs, it was made clear that the property was not for sale, and Mrs. Loebs continued to look at other properties.

In any event, in March 1969, Mrs. Loebs asked Mr. Richmond to submit an offer of $125,000 for the Weiler property. He submitted this offer and on March 14, 1969, defendants accepted Mrs. Loebs' offer. On June 2, 1969, defendants conveyed the property to Mr. and Mrs. Loebs.

We have indulged in a chronological, detailed discussion of the factual background of this case because we considered it necessary for meaningful consideration of the trial justice's decision to grant summary judgment. We now address ourselves to the applicable law.

In discussing the circumstances under which a broker is entitled to a commission, this court said in *Gettler* v. *Caffier*, 92 R. I. 19 at 22, 165 A.2d 730 at 732:

> "It is the well-settled law of this state that when a broker is the effective agent in bringing about a sale or, stated otherwise, if he is the procuring cause, that is, a sale results from his efforts or negotiations, he is entitled to a commission even though the sale actually was accomplished through other persons. (cites omitted) That such a broker was the effective agent, or the procuring cause, may be established by showing that he was the first broker to interest the prospective purchaser in the property, that he caused such purchaser to inspect or view the property, and that he conducted negotiations concerning a sale thereof with the prospective purchaser."

And, in considering what constitutes sufficient perform-

ance under a brokerage agreement to entitle the broker to a commission, the court said in *Gartner* v. *Higgins*, 100 R. I. 285 at 288, 214 A.2d 849 at 851:

> "Such entitlement accrues to the broker when he produces a prospective purchaser who is ready, able and willing to purchase the property at the price and on the terms set by the seller."

The plaintiff claims that it was the effective agent or procuring cause of the sale and that, therefore, it is entitled to a commission even though the sale was actually accomplished by Carey & Richmond, Inc.. The record does not support plaintiff's position.

The written listing of the property with plaintiff expressly states that defendants authorized plaintiff to sell the property in question "at a price of $110,000 net subject to the conditions * * * listed below," namely:

> "This property is generally listed for sale and is offered subject to prior sale and change in price or withdrawal without notice. In any event, unless extended by me, this authorization will expire 365 days from date. A commission of 6% of the selling price will be paid to you if you negotiate the sale on terms agreeable to me/us payable when title passes."

This was a special contract of employment requiring plaintiff to procure a purchaser within a stated time who was willing to purchase the property at a price of $110,000 net and obligating defendants to pay a commission only if plaintiff negotiated the sale on terms agreeable to them. The defendants also reserved the right to change the price or withdraw the property from the market without notice. *Compare Gettler* v. *Caffier, supra,* at 23, 165 A.2d at 732, where the court said:

> "* * * the rule above discussed has application only in the absence of a special contract, that is, only to contracts that do not contain terms specifically prescribing what shall constitute performance thereunder."

There is nothing in the record indicating that plaintiff had, within the contract time, produced a prospective purchaser who was ready, able and willing to purchase the property at the price of $110,000 net on the terms set by defendants. *Gartner* v. *Higgins, supra.* Indeed, the uncontradicted facts, as established by the affidavits and letters, are that the property was ideal except for the price; that it was too expensive for Mrs. Loebs; and that she was not interested in buying any property in Newport at that time. Nor is there anything in the record contradicting defendants' statement that in April 1968 they had removed the property from the market. In brief, the plaintiff has failed to show sufficient performance within the terms of the listing which would entitle it to a commission.

There is no merit to plaintiff's contention that on the basis of the pleadings and affidavits, it would not be unreasonable to conclude that defendants acted in bad faith in terminating the employment of plaintiff. There is nothing in the record to support this argument. The defendants expressly conditioned the listing of their property with plaintiff upon the provision that they could withdraw the offer without notice. In the absence of any allegation in the record from which bad faith could be reasonably inferred, we fail to see any wrong committed by the mere exercise by defendants of their right to withdraw their property from the market.

In these circumstances there was no genuine issue as to any material fact. The plaintiff failed to show entitlement to a commission under the tests laid down in *Gettler* v. *Caffier* or *Gartner* v. *Higgins,* both *supra,* and defendants were, therefore, entitled to summary judgment as a matter of law against plaintiff. *McCarthy* v. *McCarthy,* 49 R. I. 200, 142 A. 142, cited by plaintiff, is factually distinguishable from the case at bar and, therefore, is of no assistance to it.

In view of our conclusion that the plaintiff has failed to establish entitlement to a commission, we do not reach the question whether it was barred by the statute of frauds, G. L. 1956 (1969 Reenactment) §9-1-4(sixth).

The plaintiff's appeal is denied and dismissed; the judgment appealed from is affirmed; and the case is remitted to the Superior Court for further proceedings.

*Corcoran, Peckham and Hayes, Joseph T. Houlihan,* for plaintiff.

*Sheffield & Harvey, Brian G. Bardorf,* for James B. Weiler and Rana W. Weiler, defendants.

*Umsted & Going, Joseph B. Going,* for impleaded defendant, Carey & Richmond, Inc.