NELLIE M. CARPENTER *et als*, Appellants *vs.* BENJAMIN S.
CARPENTER, *Ex.*, Appellee.

DECEMBER 15, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Jurors.   Tampering with Jury.*

Where it appeared that a cousin of the residuary legatee tampered with two
of the jurors before the jury was impaneled and that one of these jurors
sat in the trial of the case, and that the residuary legatee talked with some
of the jurors during the trial, but whether about the trial was disputed;
and that the executor talked with some of the jurors during the trial, in
regard to an offer of settlement; the granting of a new trial by the trial
justice on account of such misconduct was proper.

*(2)   Jurors.   Tampering with Jury.*

The court is not bound to determine what.effect intermeddling with a jury
had upon the minds of the jurors; it is enough if the court is satisfied that
the act of misconduct might have influenced the mind of the jurors.

*(3)   Jurors.   Tampering with Jury.   Affidavits of Jurors.*

The affidavit of a juror as to conversations with him by a party to a cause, is
admissible to prove the misconduct of such party.

Distinguishing *Phillips* v. *R. I. Co.*, 32 R. I. 16.

PROBATE APPEAL.   Heard on exception of appellee and
overruled.

SWEENEY, J.   This is a probate appeal involving the
admission to probate the will .of Wanton R. Carpenter.
After verdict "breaking" the will a new trial was granted
by this court on the appellee's exceptions, *Carpenter* v.
*Carpenter*, 46 R. I. 433.   The new trial resulted in a verdict
sustaining the will.   Appellants filed a motion for a new
trial, one of the grounds being the alleged misconduct of the
executor, the residuary legatee and his cousin in talking with
some of the jurors.   Affidavits were filed in support of this
ground and counter affidavits were filed by the appellee.
After hearing and consideration, the trial justice wrote a
lengthy rescript analyzing the affidavits and granted the
motion on account of the misconduct of the executor and
the residuary legatee.

The appellee has brought the case to this court by his bill of exceptions, the only exception stated being to the decision of the trial justice granting the motion for a new trial. The appellee claims that the decision is founded upon inadmissible evidence in the form of affidavits of jurors and is an abuse of judicial discretion.

The trial justice said in his rescript the question presented was whether the appellants had proved any tampering, or attempt to tamper, with the jury, either before or during the trial.

Arthur B. Carpenter is the chief beneficiary and residuary legatee under the will. Appellants proved by two affidavits that two days before the jury was impaneled an attempt was made by a first cousin of Arthur B. Carpenter to improperly influence two of the jurors liable to serve on the panel, and that the juror who gave a favorable answer to the suggestions made to him sat in the trial of the case.

Appellants filed the affidavit of a nonjuror stating that in a small store opposite the court house on the last day of the trial Arthur B. Carpenter discussed certain parts of the evidence with two of the jurors. Mr. Carpenter admitted in an affidavit that he talked with these jurors but averred that it was about the ownership of property washed upon the seashore and not about the evidence in the case. Appellee introduced the affidavits of the jurors to the same effect. Appellants filed the affidavit of a juror stating that on the last day of the trial the executor told him, in the presence of another juror, that Arthur B. Carpenter had offered to give two of the appellants substantial sums of money in addition to what they would receive under the will. The executor filed an affidavit stating that he may have said the offer of settlement was made as "it was commonly understood by everybody that such was the fact".

It appears by affidavit that neither of the appellants knew of the wrongful acts or misconduct above stated until after the verdict.

The law governing the granting of a new trial on the ground of tampering with a jury is thus stated in *Tucker* v. *Town Council of South Kingstown*, 5 R. I. 558, 561: "The other ground for a new trial, set down in the petition, (tampering with the jury by an agent of the defendant) would have been fatal to the verdict had it been proved. The slightest tampering with a jury during the trial, or prior to it, by a party, or the agent of a party, in whose favor a verdict has been rendered, is, on grounds of policy, good cause to set it aside, without regard to the success of such an attempt to poison the course of justice." See also *Harrington* v. *Worcester &c. Ry.*, 157 Mass. 579; *Johnson* v. *Witt*, 138 Mass. 79; *York* v. *Wyman*, (Me.) 98 A. 1024; *Bradbury* v. *Cony*, 62 Me. 223; *McDaniels* v. *McDaniels*, 40 Vt. 363.

Was it an abuse of discretion for the trial justice to grant the motion for a new trial? We think not. It is proved beyond question that a first cousin of Arthur B. Carpenter tampered with two of the jurors before the jury was impaneled and that one of these jurors sat in the trial of the case. It is admitted that Arthur B. Carpenter was in a small store with three of the jurors on the last day of the trial. The trial justice was of the opinion that he commented upon some of the evidence adduced at the trial in the presence of these jurors and was trying to put himself in a favorable light with them. It is settled that the court is not bound to determine exactly what effect the intermeddling had upon the minds of the jurors. It is enough if the court is satisfied that the act of misconduct might have influenced the mind of the jurors. See cases *supra*.

It is also shown that the executor talked with three of the jurors during the trial of the case. The appellee claims that the affidavits of these jurors were inadmissible to impeach their verdict and cites as authority *Phillips* v. *R. I. Co.*, 32 R. I. 16, wherein the court held that the affidavits of jurors as to their own misconduct were inadmissible to impeach their verdict. The authority cited is not in point

as the appellants were not attempting to impeach the verdict by showing the misconduct of jurors but to prove the misconduct of a party to the case.

In *Heffron* v. *Gallupe*, 55 Me. 563, the court said we know of no rule of law that excludes the testimony of a juror as to the acts or declarations of a party to or with him touching the question pending. A much cited case upon this subject is that of *Woodward* v. *Leavitt*, 107 Mass. 453, 466, in which the court said: "A juryman may testify to any facts bearing upon the question of the existence of the disturbing influence, but he cannot be permitted to testify how far that influence operated upon his mind." This rule was approved and followed in *Mattox* v. *United States*, 146 U. S. 140, the court saying it regarded this rule "as conformable to right reason and sustained by the weight of authority". We are of the opinion that the affidavits of the jurors were admissible to prove the statements made to them by the executor about the offers of settlement. Commenting upon the conduct of the executor, the trial justice said in his rescript: "It was the interjection into the case of absolutely improper testimony. The executor was responsible for giving his approval and certifying to the truth of the same." Having heard from the executor confirmation of the fact of the offer of settlement, these jurors may have thought that it was a generous one—all that the appellants were entitled to—and should have been accepted by them, and consequently it may have influenced their verdict for the appellee sustaining the will. This court has held that offers of compromise are privileged communications and, if unsuccessful, can not be used as evidence. *Salter* v. *R. I. Co.*, 27 R. I. 27; *Whitlock* v. *Mungiven*, 36 R. I. 386; *Demara* v. *R. I. Co.*, 42 R. I. 215. In *Garside* v. *The Ladd Watch Case Co.*, 17 R. I. 691, a new trial was granted because of the unauthorized view of a trapdoor by several of the jurors on the last day of the trial.

After due consideration we find no error in the decision of the trial justice granting the motion for a new trial. The

exception thereto is overruled and the case is remitted to the Superior Court for a new trial.

*James O. Watts, Benjamin F. Lindemuth, Henshaw & Sweeney,* for appellants.

*Samuel H. Davis, James C. Collins, Russell P. Jones, Tillinghast & Collins,* for appellee.