341 A.2d 742.

STATE *vs.* NICHOLAS A. PALMIGIANO.

JULY 21, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Joslin, J. Nicholas A. Palmigiano, a convicted murderer and robber serving a life sentence,[1] is here on an appeal from a Superior Court judgment denying his petition for habeas corpus and his motion for a new trial. His claims for relief are premised upon an alternate juror's affidavit stating that during the course of the trial the jurors who passed on his guilt or innocence read the reports of the trial appearing in the daily press, and in addition "discussed the witnesses and the evidence and rendered their opinions to each other on a daily basis and sought to persuade each other to their individual opinions." Both the petition and the motion were denied, and Palmigiano appealed.[2]

---

[1]His bill of exceptions in the case resulting in those convictions was overruled, and his convictions were sustained, in *State* v. *Palmigiano,* 112 R. I. 348, 309 A.2d 855 (1973).

[2]When the case was argued, Palmigiano appeared without counsel and with an apparently self-authored brief. We advised him of his right to be represented by counsel and strongly urged that he avail himself of that right. He agreed, and we deferred decision until after appointed counsel had filed with us a brief on Palmigiano's behalf.

Whatever the law may be elsewhere, it is settled in this state that affidavits of the jurors themselves, or of others, concerning what the jurors may have done either before or during their deliberations cannot be used to impeach their verdict. *Bradshaw* v. *Campbell*, 103 R. I. 319, 237 A.2d 547 (1968); *Palumbo.* v. *Garrott*, 95 R. I. 496, 501-02, 188 A.2d 371, 374 (1963); *Guadagno* v. *Folco*, 62 R. I. 404, 410, 6 A.2d 450, 452-53 (1939); *Bourre* v. *Texas Co.*, 51 R. I. 254, 260, 154 A. 82, 85 (1931); *Phillips* v. *Rhode Island Co.*, 32 R. I. 16, 78 A. 342 (1910); *Tucker* v. *Town Council*, 5 R. I. 558 (1859). That rule is as applicable in a criminal case as it is in a civil case. *Williams* v. *State*, 204 Md. 55, 72, 102 A.2d 714, 722 (1954).

A mere reference to the cases enunciating our rule makes clear that the discussions which reportedly occurred between the jurors prior to their deliberation are unavailable to impeach their verdict. The same, however, cannot be said for what they may have read in the daily newspaper accounts of the trial. Those accounts may have brought to the jurors' attention matters not in evidence that may have violated Palmigiano's right to be confronted by the witnesses against him, or may have had other prejudicial effects. Had the jurors been sequestered, that alleged irregularity, although not in and of itself sufficient to vitiate the verdicts, would have invited an inquiry by the trial justice into the nature of those accounts and a decision by him on their possible prejudicial effect on the verdict and on Palmigiano's right to a full, fair, and impartial trial. *See State* v. *Verde*, 66 R. I. 33, 17 A.2d 39 (1940); *Carpenter* v. *Carpenter*, 48 R. I. 56, 135 A. 325 (1926). And had the trial justice neglected those obligations, the case would be returned to the Superior Court for compliance. But in this case the jurors were not sequestered, and that being so the procedure for defendant's complaining that newspaper or other media publicity

interfered with his right to a full, fair, and impartial trial was a motion for a mistrial and not a post-verdict request for a new trial. *Cf. Sheppard* v. *Maxwell,* 384 U. S. 333, 362-63, 86 S.Ct. 1507, 1522, 16 L.Ed.2d 600, 620 (1966); *People* v. *Simmons,* 516 P.2d 117 (Colo. 1973); *Basiliko* v. *Maryland,* 212 Md. 248, 129 A.2d 375 (1957); *Dobbins* v. *State,* 483 P.2d 255, 260-61 (Wyo. 1971).

The defendant's appeal from the denial of his petition for a writ of habeas corpus is denied because G. L. 1956 (1969 Reenactment) §10-9-22 allows no appeal from a Superior Court judgment in habeas corpus; and for the reasons indicated his appeal from the denial of his motion for a new trial is denied and dismissed, the judgment appealed from is sustained, and the case is remanded to the Superior Court.

*Julius C. Michaelson,* Attorney General, *William G. Brody,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Bruce G. Pollock,* Asst. Public Defender, for defendant.