403 A.2d 1090.

STATE *vs.* JAMES ANTHONY RODERICK.

JULY 19, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J. The defendant, James Anthony Roderick, appeals his conviction for assault with a dangerous weapon with intent to rob in violation of G.L. 1956 (1969 Reenactment) §11-5-4 and burglary in violation of §11-8-1.

According to testimony elicited at trial, Roderick entered the home of Dr. and Mrs. Dominic Ferrucci in Woonsocket during the early-morning hours of January 4, 1977. The Ferrucci family, awakened by noise from downstairs, found Roderick in the anteroom of Dr. Ferrucci's former office. According to the testimony of both Dr. Ferrucci's wife and daughter, Roderick fired a single rifle shot that seriously wounded the doctor, and then fled.

Following indictment by a grand jury on the assault and burglary charges, the case was tried before a jury in Superior

Court. During the course of trial both the prosecution and defense introduced evidence of Roderick's criminal record and prior acts of misconduct. At the close of the trial the victim, Dr. Ferrucci, died. Acting sua sponte, the trial justice questioned the jurors regarding any possible prejudicial effect Dr. Ferrucci's death might have on their deliberations. Satisfied with their responses, the trial justice charged the jury. Guilty verdicts were returned on both charges, and Roderick motioned for a new trial. That motion was denied and this appeal followed.[1]

On appeal to this court, defendant makes numerous assignments of error. He first claims that the trial justice erred in admitting evidence of his prior convictions and acts of misconduct. Alternatively, defendant suggests that the admission of this evidence should have been accompanied by instructions limiting its use to the issue of defendant's credibility. The defendant further claims that the trial justice should have sequestered and polled each juror individually regarding the effect of Dr. Ferrucci's death, that evidence of Mrs. Ferrucci's activity on the night of the shooting should have been admitted, and the the trial court inadequately instructed the jury with respect to the count of assault with intent to rob. Finally, defendant contends that his retained trial counsel conducted the defense in a manner that deprived him of his state and federal constitutional right to the effective assistance of counsel.

I

The majority of these assignments of error, however, are not reviewable by this court. An examination of the record shows that for the most part these alleged judicial transgressions were not met with an objection. The failure to make such a contemporaneous objection, as mandated by Super. R. Crim. P. 51, generally precludes claiming error for the first time in this court. *State* v. *Myers*, 115 R.I. 583, 592, 350

---

[1]The record indicates that while the defendant did file a motion for a new trial, he has not assigned the denial of that motion as a ground of appeal.

A.2d 611, 616 (1976). This principle affords the trial justice an opportunity to rule on a specific issue and provides a precise record for appellate review. *See State* v. *Franklin,* 103 R.I. 715, 728, 241 A.2d 219, 227 (1968).

Review may be had notwithstanding a failure to comply with these procedural rules, however, when the conduct complained of rises to substantial constitutional dimensions, *see State* v. *Myers,* 115 R.I. 592, 350 A.2d at 616; *State* v. *Welch,* 114 R.I. 187, 191, 330 A.2d 400, 402 (1975); *State* v. *Quattrocchi,* 103 R.I. 115, 117 n.1, 235 A.2d 99, 101 n.1 (1967), and the failure to comply with these procedural requirements is not an intentional tactical bypass. *See State* v. *McGehearty,* 121 R.I. 55, 62, 394 A.2d 1348, 1352 (1978). Here, defendant contends that he lacked the effective assistance of counsel. This claim is grounded upon counsel's repeated failure to object to the admission of allegedly prejudicial testimony. Rather than draw our attention to any specific ruling by the trial court, defendant asserts that counsel's general conduct of the case rises to the level of incompetency. Without diminishing the importance of this sixth amendment challenge, we adhere to our prior practice of not reviewing such claims unless they are founded upon specific trial court rulings. *State* v. *Levitt,* 118 R.I. 32, 40, 371 A.2d 596, 600 (1977). *See State* v. *Freitas,* 121 R.I. 412, 417, 399 A.2d 1217, )1219-20 (1979). Our ruling today, however, has no effect on defendant's right to raise this issue in the more appropriate form of a post-conviction proceeding.[2] We now turn to those issues properly preserved for our review.

## II

The defendant first contends that the trial justice prejudiced his case by admitting evidence of 11 guilty verdicts

---

[2]Under G.L. 1956 (1969 Reenactment) §10-9.1-1(a)(1), persons claiming that their criminal convictions were obtained "in violation of the constitution of the United States or the constitution or laws of this state" may file a petition for post-conviction relief. *See Palmigiano* v. *State,* 120 R.I. 402, 409, 387 A.2d 1382, 1384 (1978), *citing* §§10-9.1-1 to -9.

obtained in District Court. During cross-examination the state had attempted to impeach Roderick's credibility by introducing the fact that he was found guilty in District Court of 11 separate charges of receiving stolen property. The trial justice denied defense counsel's objection and, on appeal, defendant now contends that the convictions were inadmissible because an appeal had been taken from District Court to Superior Court.

The defendant concedes that in *State* v. *Rollins*, 116 R.I. 528, 535, 359 A.2d 315, 319 (1976), we construed §9-17-15,[3] which provides for the use of prior convictions for impeachment purposes, to encompass any conviction, notwithstanding the pendency of an appeal. Specifically, we ruled that the pendency of an appeal from the Superior Court to this court does not bar the introduction of that conviction to attack a witness' credibility.

The defendant maintains, however, that an appeal from the District Court is unique in that it results in a trial de novo in Superior Court and therefore should not fall within the scope of §9-17-15. We have previously held that an appeal from a conviction obtained in District Court serves to vacate automatically the conviction below. *State* v. *Diggins*, 95 R.I. 166, 167-68, 185 A.2d 300, 301 (1962); *State* v. *McGuire*, 90 R.I. 301, 303-04, 157 A.2d 657, 568 (1960). Essentially, there is no conviction once an appeal is taken. Because the conviction has been vacated, it cannot be used for impeachment purposes under §9-17-15.

While the trial justice did err in allowing in evidence of the convictions, reversal does not automatically follow. In such situations we must examine the evidence with respect to the factual circumstances surrounding its admission, and its

---

[3]General Laws 1956 (1969 Reenactment) §9-17-15 provides that:

> "No person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor; but shall be admitted to testify like any other witness, except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility."

probable influence upon the ultimate outcome of the case. *See State* v. *Andrews,* 120 R.I. 771, 777, 390 A.2d 926, 931 (1978); *State* v. *Jalette,* 119 R.I. 614, 624, 382 A.2d 526, 531 (1978); *State* v. *Pugliese,* 117 R.I. 21, 27, 362 A.2d 124, 127 (1976); *State* v. *Bower,* 109 R.I. 198, 203, 283 A.2d 39, 42 (1971).

Here, an examination of the record finds it replete with additional evidence of defendant's prior criminal activities and misbehavior. Moreover, both Mrs. Ferrucci and her daughter identified defendant as the individual who shot Dr. Ferrucci. In light of these factors, we cannot say that the admission of these convictions resulted in any adverse effect upon the jury's deliberations.

### III

We next consider defendant's contention that evidence of a 1971 conviction for receiving stolen property should have been excluded. The prosecution elicited the conviction from defendant during cross-examination. While conceding that such convictions are fair game in impeaching a witness, defendant contends that it should have been excluded because the prosecution had failed to provide the defense with a copy of the conviction. Defense counsel had made an oral request for copies of all such convictions the previous day.

At issue then is the failure of the prosecution to disclose information which was requested, albeit informally, by the defense. The prosecution, however, did not intentionally conceal the requested information. Rather, it had merely failed to make a complete photostatic copy of defendant's criminal career. Moreover, we are not faced with a case of prosecutorial suppression of requested material because the conviction was brought out on cross-examination. Nevertheless, the defense claims that the prosecutor's actions prejudiced defendant's case because it appeared to the jury that the defense was attempting to conceal aspects of defendant's criminal background.

For the same reasons employed in analyzing the effect of admitting defendant's appealed District Court convictions, we fail to perceive how the prosecutor's action in this instance could have adversely affected the jury. The conviction at issue here was one of several prior convictions and instances of misconduct elicited at trial. The conviction was employed to attack defendant's character and, in light of the additional evidence presented, would have only a minimal effect on the jury's view of defendant's credibility and ultimate culpability. Any error which may have occurred is, therefore, harmless.[4]

## IV

The defendant next asserts that the trial justice erred in ruling immaterial Mrs. Ferrucci's proffered testimony concerning the time at which she went to bed following the shooting. According to defendant, this testimony would have shown that a considerable amount of activity took place at the Ferrucci home after the shooting and would have diminished the credibility of neighbors who testified that they had heard no noise on the night of the shooting.

Our examination of the record, however, shows prior testimony describing the level of activity at the victim's home on the night in question. Therefore, sufficient independent evidence existed to challenge the prosecution testimony. For this reason, the trial justice acted within his discretion in refusing to allow inquiry into Mrs. Ferrucci's activities.

## V

The defendant raises as his final contention that the trial justice erred in not deciding sua sponte to sequester the jury. We have previously ruled in *Palmigiano v. State*, 120 R.I.

---

[4]While an error may not be prejudicial when examined in isolation, a series of errors may have a cumulative effect which supports reversal. *State v. Pepper*, 103 R.I. 310, 318, 237 A.2d 330, 335 (1968). Our examination of the record, however, fails to persuade us that the two errors discussed above case such a serious doubt on the fairness of the trial that they require reversal.

'402, 409, 387 A.2d 1382, 1386 (1978) that a trial justice has no such responsibility, and we see no reason to alter that position at this time.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

Mr. Justice Weisberger did not participate.

*Lawrence Iacoi*, Attorney General Assistant, for plaintiff.

*Robert B. Mann*, for defendant.