STATE

v.

Mark WICKETT.

No. 81–451–C.A.

Supreme Court of Rhode Island.

May 11, 1982.

Dennis J. Roberts, II, Atty. Gen., Stephen R. Famiglietti, Asst. Atty. Gen., Sharon P. O'Keefe, Sp. Asst. Atty. Gen., Chief, Appellate Div., for plaintiff.

Tillinghast, Collins & Graham, Normand G. Benoit, Providence, Vincent M. Federico, Jeanne Hanna Kirkwood, Weymouth, Mass., for defendant.

OPINION

PER CURIAM.

This case came before the court on an order directing the defendant to show cause why his appeal should not be dismissed. After carefully considering the arguments of counsel, we find that cause has not been shown.

■ Although defendant challenges the qualifications of one of the jurors in the jury pool, a review of the record indicates that defense counsel never moved for exclusion of the juror at trial. The defendant cannot, therefore, challenge his qualifications on appeal. *See Cartier v. State*, R.I., 420 A.2d 843 (1980); *State v. Roderick*, R.I., 403 A.2d 1090 (1979).

■ The defendant's assertion that the trial justice erred in charging the jury on the weight to be given to evidence of the defendant's good reputation is also without merit. The charge given apprised the jury that the defendant's "good reputation in the community where he lives, if you find it proven, is a circumstance which you may weigh with the other circumstances in the case in arriving at your final conclusion." The trial justice could have instructed the jury that evidence of the defendant's good reputation may give rise to a reasonable doubt concerning his guilt, as the defendant had requested. We find, however, that the charge given was sufficient. *See State v. Di Noi*, 59 R.I. 348, 195 A. 497 (1937).

Accordingly, the defendant's appeal is dismissed, the judgment of Superior Court is affirmed, and the case is remanded to the Superior Court.