DECISION
This matter is before this Court on David LaRoche's Application for Post-Conviction Relief pursuant to G.L. § 10-9.1-1.
The Petition was filed on February 18, 1997, in the Washington County Superior Court along with a Motion for Discovery and the Affidavit of Carl F. Jenkins, CPA, CFE.
The grounds upon which this application was filed are as follows:
 ". . . There may exist evidence of material facts, not previously disclosed and heard, that requires vacation of his sentence and conviction in the interest of justice . . ."
The discovery motion contains a request for the following documents related to LaRoche's conviction for obtaining money under false pretenses from the Davisville Credit Union and Rhode Island Central Credit Union:
 "1. Personnel files
 2. Payroll records for employees of both credit unions
 3. Notes from credit review meetings
 4. Complete loans and credit files
 5. Notes from approval meetings
 6. Minutes from Board of Directors meetings
 7. Regulator's files
 8. Prior loan files
 9. Loan history reports
 10. Loan officer diary reports
 11. Correspondence files
 12. Any documents or grand jury tapes, or other materials which have become known to the Attorney General's office since the trial of David LaRoche which [sic] are related to David LaRoche."
 Motion For Discovery, February 18, 1997.
 Facts/Travel State v. LaRoche, 683 A.2d 989 (R.I. 1996), sets forth the substantive facts of the case. LaRoche was originally indicted upon eight counts of criminal false pretense and conspiracy activities that occurred between June and December 1988. Id. at 992. Prior to trial, the trial justice dismissed one of the indictment's eight counts as duplicitous because it contained the identical wording of one of the other counts. Id. The jury acquitted LaRoche of two of the remaining seven counts. Id. On July 6, 1993, a Washington County jury convicted LaRoche on five of the counts with which he was charged, two counts of obtaining money under false pretenses in violation of G.L. § 11-41-4 and11-41-5, and three counts of conspiracy to obtain money under false pretenses, in violation of G.L. § 11-41-6. Id. The trial justice sentenced LaRoche to concurrent five-year terms of incarceration at the Adult Correctional Institution on Counts 1 and 5, the false pretense counts, and imposed fines of $5000 on each of those counts. Id. On counts 2, 6, and 7, the conspiracy counts, the defendant was sentenced to consecutive five-year terms of incarceration. Id. The conspiracy count sentences were suspended, and LaRoche was placed on probation for a period of five years, to run consecutive to the sentences imposed on counts 1 and 5. Id. Furthermore, on counts 2, 6, and 7, fines of $5000 were imposed on each. Id. LaRoche was also ordered to make restitution for the monies acquired by him through the false pretenses. Id. LaRoche's appeal was denied, and his convictions were affirmed in State v. LaRoche, 683 A.2d 989 (R.I. 1996).
This Petition for Post-Conviction Relief was commenced in February of 1997 by LaRoche through his attorney Robert Mann. During this period of time, Associate Justice Americo Campanella, who presided over the jury trial that resulted in the conviction of LaRoche, retired from the Superior Court, and the pending petition was transferred to Providence County for hearing in front of me as requested by LaRoche's attorney, since I was already handling the motion to reduce sentence with respect to this case.
Consequently, the State of Rhode Island, through the Attorney General, made a Motion to Dismiss, or, in the alternative, a Motion for Summary Disposition of Petitioner's Application for Post Conviction Relief pursuant to R.C.P. 12(b)(6) and G.L. § 10-9.1-6(c). In addition, the State also objected to the petitioner's motion for discovery concerning his application for post-conviction relief. The State's motions were accompanied by written memoranda to support said motions. In response, the petitioner filed an objection to the State's motion to dismiss the application for post-conviction relief that was also accompanied by a written memorandum. On May 12, 1997, this Court heard oral argument regarding the State's Motion to Dismiss and petitioner's objection thereto. This Court notes that at the hearing attorney James Howe entered his appearance on behalf of LaRoche. For the reasons set forth below the State's Motion for Summary Disposition of Petitioner's Application for Post-conviction Relief is granted. Thus, it is not necessary to address the Petitioner's Motion for Discovery.
 Standard of Review
Rhode Island General Laws §§ 10-9.1-1 to 10-9.1-9 governs the statutory remedy of Post-Conviction Relief. The remedy is available to persons convicted of crimes who claim, inter alia,
that the conviction violated their constitutional rights, or that newly discovered facts require vacation of the conviction in the interest of justice. G.L. § 10-9-1-1. Palmigiano v. State,120 R.I. 402, 404, 387 A.2d 1382, 1385.
This Statute reads as follows:
 "10-9.1-1. Remedy — To Whom available — Conditions. — (a) Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims:
 "(1) that the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state;
 "(2) that the court was without jurisdiction to impose sentence;
 "(3) that the sentence exceeds the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;
 "(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
 "(5) that his sentence has expired, his probation, parole, or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint; or
 "(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceedings, or remedy; may institute, without paying a filing fee, a proceeding under this chapter to secure relief.
 "(b) This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided in this chapter, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."
In a proceeding under this chapter the petitioner generally bearsthe burden of proving his allegation by a preponderance of theevidence. Palmigiano v. Mullen, 119 R.I. 363, 377 A.2d 242
(1977). (Emphasis added.)
A trial justice is permitted under § 10-9.1-6(b) to dismiss an application whenever, based upon the record, the application, and the answer, he or she finds that no genuine issue of material fact exists. The standard employed in making this determination is the same as that for motions pursuant to Super. R. Civ. P. 12(b)(6). Palmigiano, 120 R.I. at 404-405, 387 A.2d at 1384 (1977).
Rhode Island General Law § 10-9.1-6(c) permits the trial justice to grant a motion for summary disposition of the application when based upon the pleadings, discovery, and affidavits introduced, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.Id. at 405, 387 A.2d at 1384. The Rules of Civil Procedure permit the Court to treat 12(b)(6) motions as motions for summary judgment when matters outside the pleadings are presented to the Court. Super. R. Civ. P. 12(b)(6).
The State filed motions for summary judgment under the provisions of R.I.G.L. §§ 10-9.1-6(b) and Super. R. Civ. P. 12(b)(6). In said motions the State alleged the absence of any genuine issue of material fact and requested the dismissal of LaRoche's petition for Post-Conviction Relief.
The petitioner is seeking relief under G.L. § 10-9.1-1(a)(4), which allows a remedy for any person who has been convicted of a crime and who claims that there exists evidence of material facts, not previously presented and heard, that requires the vacation of the conviction or sentence in the interest of justice. When addressing petitioner's application for post-conviction relief on this ground, this Court must use the same standard that is applied when a defendant moves pursuant to Super. Ct. R. Crim. P. 33 for a new trial based on newly discovered evidence. McMaugh v. State, 612 A.2d 725, 731 (R.I. 1992) (citing Fontaine v. State, 602 A.2d 521, 524 (R.I. 1992);State v. Lanoue, 117 R.I. 342, 346, 366 A.2d 1158, 1160 (1976)). This standard involves the application of a two-part test. In order to satisfy the first part, the threshold test, the trial justice must determine the following.
 "(1) if the newly discovered evidence actually is newly discovered or available only since the trial;
 "(2) if the petitioner was diligent in attempting to discover the evidence for use at the original trial;
 "(3) that the evidence is not merely cumulative or impeaching but is also material to the issue[;] and
 "(4) that the evidence is of a kind that would probably change the verdict at a new trial." Id.
(citing Fontaine, 602 A.2d at 524; State v. Brown, 528 A.2d 1098, 1104 (R.I. 1987)).
If the trial justice concludes that this threshold test has been satisfied, it must then be determined "whether the evidence presented is credible enough to warrant relief . . ." Id. at 732 (quoting Fontaine, 602 A.2d at 524). Thus, the trial justice must determine that the new evidence satisfies both the threshold test and the credibility test before the application for post-conviction relief may be granted. McMaugh v. State, 612 A.2d at 732 (citing Fontaine, 602 A.2d at 524).
After considering the issue of the alleged newly acquired evidence through review of the pleadings, the affidavits of Carl Jenkins and Joseph DeCaporale, and arguments of counsel, the Court is compelled to grant the State's motion under the principle of law set forth in State v. Lanoue, 366 A.2d 1158
(R.I. 1976). In that case, the Rhode Island Supreme Court held the evidence in question.
 ". . . must actually be newly discovered since the trial . . . The facts must indicate diligence on the part of the defendant to try to discover this evidence for use at the original trial. The evidence must not be merely cumulative nor merely impeaching. The evidence must be material to the issue. The new evidence would probably change the verdict at a new trial." Id. at 1160-1161.
The petitioner simply has not demonstrated to the Court that the evidence he seeks to discover is "newly discovered." On the contrary, petitioner's expert acknowledges the documents sought "are or should have been in existence." Affidavit of Carl F. Jenkins at 2. Furthermore, this Court is not convinced that the documents requested are of the sort that could have any material effect upon the outcome of a new trial. The personnel records, payroll records, and minutes of the Board of Directors' meetings are documents that relate to the activities of the credit union officers and employees and not to the actions of the defendant. In addition, the Court finds that the documents discussed in Mr. Jenkin's affidavit are not the type of newly discovered evidence that could possibly create a reasonable probability sufficient to challenge the original outcome of the trial as he himself stated that, "these documents will identify any actual losses incurred by each credit union and may demonstrate that credit union officers benefited financially . . ." Affidavit of Carl F. Jenkins at 2. (Emphasis added.) The affidavit offers no explanation as to how these documents would have influenced the outcome of the original trial. Lastly, the petitioner has not shown this Court that he tried to obtain the documents in question for use at the original trial. Instead, the petitioner merely asserts that the State did not engage in fair and complete discovery. This hardly constitutes due diligence. The petitioner should have affirmatively shown that he genuinely attempted to obtain the requested documents. State v. Lanoue, 366 A.2d at 1162 (R.I. 1976). (Citations omitted.)
Since this Court has determined that the petitioner has not met the first part of the test set forth in McMaugh, the Court must grant the State's Motion for Summary Disposition of Petitioner's Application for Post Conviction Relief.
Counsel shall prepare the appropriate judgment for entry.