DECISION
This matter comes before this Court by way of a Motion for Summary Judgment filed by the State of Rhode Island to summarily dismiss Petitioner's Petition for Post-Conviction Relief. The State moves pursuant to R.I.G.L. 1956 10-9.1-6(c), alleging that "based upon the Petitioner's pleadings there are no issues of material fact for which Petitioner would be entitled to redress or a hearing."
 FACTS/TRAVEL
On September 21, 1995, negotiations between the Petitioner and the Attorney General's office resulted in an offer by the State, in the event of a plea by the defendant, for a sentence of 40 years with 30 years to serve. Petitioner plead nolo contendere to the crimes of second degree murder and larceny on June 6, 1996. Petitioner's plea was an "open plea," without a commitment by the court of a sentence to be imposed. On October 10, 1996, after considering the sentencing argument from the State, the sentencing argument by Petitioner's counsel, Petitioner's allocution, and in consideration of a pre-sentence report ordered at the time the plea was accepted, this Court pronounced a sentence of 35 years with 20 to serve, 15 years suspended with probation on Count I, Murder in the Second Degree; and, 10 years suspended with 10 years probation consecutive on Court II, Larceny from a Person. See State v. Bruce Reilly, K1/94-0145a.
Petitioner filed his Pro Se Petition for Post-Conviction Relief on January 7, 2002. In his Petition, Petitioner raises G.L. 1956 §10-9.1-1(a)(4), which states:
 "Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims: That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice."
Petitioner states that this Court imposed its sentence with an "incomplete factual record." It is alleged that the State wrongly portrayed the Petitioner as a "psychopathic master-manipulator." Petitioner's moral character was unfairly portrayed to the court, upon which the court relied, in part, in its sentencing. Attached to the Petition were the following exhibits: Petitioner's Affidavit in Support of Petition for Post-Conviction Relief, letters submitted on behalf of Petitioner for his release on parole, certificates and college credits earned while incarcerated, personal published writings, and in-court testimony of his prospective employer and home-providers.
The State filed an Objection to the Petition for Post-Conviction Relief on March 6, 2002. In its objection, the State alleges that the Petition is in actuality a Super. R.Crim.P. 35 request to "Reduce Sentence." Under Rule 35, Petitioner's remedy would be barred by a 120-day limitation. The State alleges that even under § 10-9.1-1 the Petitioner is "out of time" to petition for relief. The State suggests that the Petition is "best suited for a parole board hearing."
The State filed a Motion for Summary Judgment on April 4, 2002. The State moves pursuant to G.L. 1956 § 10-9.1-6(c), which states:
 "The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material and the moving party is entitled to judgment as a matter of law."
The State did not submit any affidavits or other documents with its Motion.
The Petitioner filed an "Answer to the State's Objection" on April 3, 2002. Petitioner's answer declares that his Petition for Post-Conviction Relief is not a Rule 35 motion. Section 10-9.1-1 specifically includes "sentence" in its language and, therefore, allows for a remedy from an imposed sentence. Petitioner further argues the fact that Rule 35 allows for a similar remedy and does not "invalidate" a request for remedy under § 10-9.1-1. Petitioner also states that § 10-9.1-1 et seq. does not contain a limitation on time; and, therefore, the Petition is not barred due to any time limitations. The answer admits that the Petition may be properly suited for a parole board hearing, however, the sentence from which the Petitioner is seeking modification of was imposed by this court. Therefore, any request for modification can be properly heard before this Court.
Petitioner filed an "Answer to the State's Motion for Summary Judgment" on April 8, 2002 stating that the "form of the pleading is valid under both the wording of the statute and the spirit of Constitutional Law." Petitioner requests a hearing for his Petition.
 DISCUSSION
The State moves for Summary Judgment pursuant to § 10-9.1-6(c). This statute is reviewed under a standard that is analogous to Super. R.Civ.P. 56. The standard for granting a motion under Rule 56 is a finding that there is "no genuine issue as to any material fact that the moving party would be entitled to judgment as a matter of law."
The Petition for Post-Conviction Relief claims that there was an "incomplete factual record" upon which his sentence was imposed, and that the Petitioner's character was wrongly portrayed to the court. These are issues that clearly could have had a bearing upon the outcome of his sentence. A material fact is a fact that would potentially affect the outcome of a party's proceedings. In Steinberg v. State, 427 A.2d 338, 340 (R.I. 1981), the court stated:
 "If the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion for summary judgment . . . in ruling on the motion, `the trial justice may not pass upon the weight or credibility of the evidence'. . . the justice's only function is to determine whether there are any issues involving material facts."
The State has made no showing that the Petition fails to allege a genuine issue of material fact.
The State cites Palmigiano v. State, 387 A.2d 1382 (R.I. 1978), in its Motion for Summary Judgment. That case was an appeal from a dismissal of a motion for post-conviction relief that was affirmed by the R.I. Supreme Court. The trial justice relied on G.L. 1956 § 10-9.1-6(b). However, the Supreme Court suggested that the trial court had in actuality relied upon § 10-9.1-6(c), which "closely resembles a decision for summary judgment under Super. R.Civ.P. 56." The court stated that:
 "Section 10-9.1-6(c) permits a trial justice to grant a motion for summary disposition of the application when, based upon the pleadings, discovery, and affidavits introduced, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Palmigiano at 1384.
The State has introduced no such evidence which would warrant this Court's ruling that no genuine issue of material fact exists. The court further articulated a standard for review by stating that:
 ". . . in considering motions for summary judgment, the trial justice must consider the affidavits and pleadings on a motion for summary disposition in the light most favorable to the party against whom the motion is made." Palmigiano at 1385.
 CONCLUSSION
This court must review the Motion for Summary Judgment based upon all pleadings, depositions, answers, and affidavits filed. The Motion must be denied if there is some genuine issue of material fact brought before this Court. The validity of such issues is not for consideration at this time. Petitioner alleges that there was an "incomplete factual record," and that his character was wrongly portrayed. It is the State's burden, as the moving party, to show that a genuine issue of material fact is not before this Court. The State has failed to meet this burden. The State's Motion is denied.